## IDA BAKER v. M. W. BAKER.

(Case No. 1093.)

1. SEPARATE PROPERTY.— Money was given by the father either to his daughter-in-law or his son (her husband), with which to buy a homestead, the title to which should be taken in the wife's name. The money, amounting to $2.000, was thus invested, leaving a balance of $500 due, for which the joint note of husband and wife was given, and the deed was made to the wife. The husband was at the time in debt and improvident. One year (1876) he rendered the property for taxes in his wife's name. The deed was made by the father of the wife, but the money furnished by the father of the husband. In a suit to recover the deferred payment for the land and to subject it to sale, judgment was rendered against the husband alone, and the mother of the husband became the purchaser with a full knowledge of all the facts. In a suit afterwards brought by the wife against her husband and the purchaser to set aside the sheriff's sale and to remove cloud, *held,*

(1) As between the wife and husband and all parties having notice, the deed to the wife vested title in her as her separate property.

(2) Such, under the circumstances of this case, was the legal effect of the deed whether the purchase money became by its gift the separate property of the husband or wife.

(3) The effect of the deed depended on the intention of him or them who at the date of its execution had the right to control it. In arriving at that intention all contemporaneous circumstances and declarations are evidence of the most satisfactory character.

(4) It would seem that the wife was not entitled to equitable relief without first discharging the deferred payment, evidenced by the joint note of herself and her husband.

APPEAL from Marion. Tried below before the Hon. B. T. Estes.

The case is fully stated in the opinion.

H. McKay, for appellant, cited Higgins v. Johnson, 20 Tex., 393, and Peters v. Clements, 46 Tex., 115.

Geo. T. Todd, for appellee.

GOULD, CHIEF JUSTICE.— The contest in this case is over the ownership of a tract of land, conveyed March 2, 1874, by J. T. J. Smith and wife to Mrs. Ida Baker for an expressed consideration of $2,500. At the time Ida Baker and William M. Baker were husband and wife, and the controlling, or at least the principal question in the case, is as to the sufficiency of the evidence to make this deed operate as between them, to vest the title in her separately instead of in the community.

The vendors, Smith and wife, were the parents of Mrs. Ida Baker, but the conveyance was for the full consideration expressed and was not a gift. Two thousand dollars of the purchase money was paid at or about the date of the deed, and was furnished for that purpose by W. C. Baker, father of William M. Baker. The evidence is conflicting as to whether W. C. Baker gave this money to his son or his daughter-in-law, but there is no conflict whatever as to the intention with which the money was furnished, viz.: to buy this land for a home for the family and to have the deed made in the name of the wife.

There is evidence that William M. Baker was in debt and was regarded by his father as improvident; and that because of his indebtedness the deed was taken in the wife's name. The matter was talked of in the family and it was the common understanding that the deed was to be taken in the wife's name. The deed was written by the husband, William M. Baker, and whilst he testifies that he had no intention to make the land 'the separate property of his wife, the tax rolls show that in 1876 he rendered it for taxes as agent of his wife. The remaining $500 of the purchase money was to be paid to Smith and wife during the year, and the evidence shows that this too was furnished by W. C. Baker; but here again the evidence is conflicting as to the circumstances. At all events, on April 2, 1874, William M. and Ida Baker executed two notes to Smith and wife, one for $300 and the other for $200, each expressed to be in payment for the land, and these notes, being indorsed by the Smiths, were delivered to W. C. Baker. Some years afterwards when he and his wife were living apart, W. M. Baker renewed these notes. In 1879 suit was brought on the notes, in the name of Martha W. Baker, joined by her husband W. C. Baker, against both William M. Baker and his wife Ida. He made default, but she answered pleading coverture and limitation. Thereupon the suit was dismissed as to Ida Baker, and judgment foreclosing the vendor's lien taken against William M. Baker alone. At a sale under this judgment Mrs. Martha W. Baker (her husband W. C. Baker had died) became the purchaser, crediting her judgment with the amount of her bid, less the costs, which were paid in cash.

This suit was brought by Ida Baker, making defendants of her husband and Martha W. Baker, to set aside this sale and remove the cloud from her title, she being in possession. Mrs. Martha W. Baker not only answered by way of defense, but also filed her cross action of tres-

pass to try title. The case was tried by the court without a jury and resulted in a judgment in favor of Martha W. Baker for the recovery of the land. There are no findings of fact or law enabling us to see the grounds upon which the court acted in giving its judgment. As frequently happens where this has been neglected, some of the assignments of error are objectionable; but we think there are others, complaining of the admission in evidence of the judgment against William M. Baker and the sheriff's deed under that judgment, which sufficiently present what we have said was the principal question in the case.

In our opinion the evidence shows clearly that the deed was taken in the name of the wife for the purpose of vesting the title in her, and as between her and her husband such was its legal effect. Such would be the effect of the deed if the purchase money became by the gift of W. C. Baker either the separate property of his son or his son's wife. But if the money was a gift to the community, it was the intention of the donor, and we think of the husband and parties to the transaction, that the deed be taken in the wife's name, for the purpose of vesting the title in her instead of the community, it being thought by all concerned, at the time, that by so doing the land was best secured for the benefit of the family. It is to be noted that the effect of the deed depends on the intention at the time the deed was executed of him or them who had the right to control it, and that in arriving at that intention the cotemporaneous circumstances and declarations are evidence of the most satisfactory nature.

In this case the right of the wife does not rest on the mere fact that the conveyance was taken in her name by the direction of her husband. This was done in pursuance of the wish of him who furnished the cash payment by way of gift, and who had a right to direct how the

deed should be made. And further, it was done for the purpose of thereby making the place more secure as a home for the family. That W. C. Baker shortly thereafter took the joint note of the husband and wife for the remaining $500 paid by him on the place, is significant of his belief that the title was in her, and the subsequent rendition of the place for taxes by the husband as agent for his wife shows that he then regarded the title as in her. The deed being thus taken in the name of the wife in pursuance of the common understanding to that effect of all parties interested in the transaction, the circumstances showing that the intention was thereby to vest the title in her, our opinion is that as between her and her husband and all parties with notice, it operated to convey the property to her in her separate right. Higgins v. Johnson, 20 Tex., 395; Peters v. Clements, 46 Tex., 125; Smith v. Strahan, 26 Tex., 325; Dunham v. Chatham, 21 Tex., 231.

There is a suggestion in the brief of appellee that in her petition appellant claimed that the land became her separate property by reason of a gift of the purchase money to her, and a purchase by her, and on no other ground. The petition, however, contains a general allegation that the deed was made to her with the intent to vest the land in her as separate property. Moreover, in her attitude of defendant to the cross action of trespass to try title, her plea of not guilty was sufficient to make the evidence admissible.

If the land was the separate property of Mrs. Ida Baker, it is manifest that her rights would be unaffected by a judgment and foreclosure had in a proceeding to which she was not a party. Shelby v. Perrin, 18 Tex., 516. True, Mrs. Martha W. Baker claims to be an innocent purchaser. But that claim under the evidence, and having in mind her intimate relationship with all the parties, cannot be allowed. If she knew the history of the trans-

action, it is immaterial whether she knew that Mrs. Ida Baker had claimed the land or not.

It follows from these views that the judgment must be reversed, and the case having been tried by the court, we might proceed to render such judgment as the court below should have rendered. Counsel for appellant, however, in their brief, ask only for a reversal. It is by no means clear that the plaintiff was entitled to the equitable relief for which she prayed, without first paying off the amount of the notes given by her and her husband avowedly in payment for the land. Without intending to decide what may be the rights of the parties growing out of that transaction, we feel justified under the circumstances in remanding the case.

The judgment is reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 11, 1881.]