### ROBERT M. TISON v. LULU B. GASS.

Decided April 22, 1907.

#### 1.—Defendant—Dual Capacity—Final Judgment.

When the plaintiff sues to recover a debt against a decedent's estate and to have certain property in the hands of the defendant applied to the satisfaction of such debt, and the defendant, who is sued in the dual capacity of independent executor and sole devisee and legatee of said decedent, by his answer claims to be the sole owner of the property by virtue of the decedent's will, the judgment, which disposes of all the issues between the parties, is a final judgment although no disposition is specially made of the defendant in his capacity of independent executor.

#### 2.—Independent Executor—Jurisdiction.

Of a suit by a creditor against a party as independent executor or as sole devisee and legatee of the testator, who has possession of the property of the estate, the Probate Court, after probating the will and receiving and filing an inventory and appraisement of the estate, would have no jurisdiction.

**3.—Petition—Not Multifarious.**

When the purpose of plaintiff's suit is to establish a debt against the estate of a decedent and to subject property in the possession of the defendant to the satisfaction of such debt the petition is not multifarious.

**4.—Deed to Wife—Separate Property.**

When the husband pays for land out of his separate estate and causes the deed to be made to his wife this is sufficient, as between the parties, to show that he intended it as a gift to her. although there is no express recital that it is to be her separate property.

**5.—Same—Notes to Husband and Wife.**

The fact that in the sale of the wife's separate property the notes for the purchase money are made payable to both the husband and wife affords no presumption that the notes are community property.

**6.—Husband—Conversion of Wife's Estate—Liability.**

When the husband converts the wife's separate estate into money or property and uses it to improve his separate or the community estate he is liable for its value, and the wife has an equitable lien on the land so improved to secure its payment.

**7.—Heir—Liability.**

An heir is liable for the debts of his ancestor only to the extent of the property received from such ancestor.

**8.—Declarations of Decedent.**

In a suit by an heir to subject property in the hands of defendant to the payment of her claim the testimony of defendant as to statements or the absence of statements by plaintiff's ancestor, is incompetent.

**9.—Pleadings—Facts—Agreement.**

An agreement that the allegations in plaintiff's pleadings are true will not prevent the husband from recovering as heir of his wife when it is alleged in said pleading that he was living at the time of his wife's death, although it is also alleged that plaintiff, a child of the wife, was her sole heir.

Error from the District Court of Brazoria County.   Tried below before Hon. Wells Thompson.

*H. Grass* and *Bryan & McRae,* for plaintiff in error.—That the court has no jurisdiction because there was no final judgment: Woolley v. Sullivan, 92 Texas, 28; Martin v. Crow, 28 Texas, 614; Simpson v. Bennett, 42 Texas, 241; Linn v. Arambould, 55 Texas, 611; Whitaker v. Gee, 61 Texas, 217.

The court erred in overruling the defendant Robert M. Tison's plea to the jurisdiction, in which defendant alleges that he is independent executor of the estate of James W. Tison, and that said administration has not been closed, and that there are still outstanding debts due by said estate unsettled and unpaid.   Webster v. Willis, 56 Texas, 468; Patterson v. Allen, 50 Texas, 23; Lee v. Turner, 71 Texas, 266; Buchanan v. Thompson Heirs, 4 Texas Civ. App., 238; Low, Administrator, v. Felton, 84 Texas, 385.

The court erred in overruling defendant's plea in abatement and exception to plaintiff's second amended original petition, on the ground that said petition was multifarious, and showed upon its face a misjoinder of causes of action.   Oliver v. Robertson, 41

Texas, 422; Stewart v. Gordon, 65 Texas, 347; Frost **v.** Frost, 45 Texas, 325; Williams v. Robinson, 63 Texas, 582; First National Bank of Flatonia v. Valenta, 75 S. W. Rep., 1087.

If James W. Tison, surviving husband, at the time of the death of his wife, Gilley P. Tison, was indebted to her in the sum of $1,425 as alleged, she having died intestate, he would under our statutes of Descent and Distribution inherit one-third of this amount, and defendant in error would only be entitled to judgment for the remaining two-thirds of this amount.

Defendant in error has no lien upon any specific property belonging to the estate of James W. Tison. Torrey v. Cameron, 73 Texas, 583; Richardson v. Hutchins, 68 Texas, 81; Moore v. Moore, 89 Texas, 29.

The court erred in excluding testimony of Robert M. Tison as to conversations heard between James W. Tison and Gilley P. Tison in regard to the ownership of the five-acre tract in Alvin, under article 2302, Sayles' Revised Statutes, because this was not a suit by or against the heirs or legal representatives of a decedent, arising out of any transaction with such decedent, and this statute should not have prevented him from testifying as to statements made by Gilley P. Tison, who was not related to him, against her interest. Newton v. Newton, 77 Texas, 510; Mitchell v. Mitchell, 80 Texas, 111; Ingersoll v. McWillie, 9 Texas Civ. App., 555; Caffey v. Caffey, 12 Texas Civ. App., 619; Curtis v. Wilson, 2 Texas Civ. App., 648.

*Elmer P. Stockwell* and *J. T. Loggins,* for defendant in error.— If Robert M. Tison, in the capacity of independent executor of the estate of James W. Tison, deceased, was a party to the suit, as such, and was also a party to the suit in an individual capacity as sole devisee of the will, in possession of the property, as such, and he had ceased to be independent executor before judgment was rendered, a judgment that disposed of him, as such devisee, and disposed of the estate, and failed to mention him as independent executor, was a final judgment. Revised Statutes 1895, art. 1249; Reynolds v. McFadden, 36 Texas, 130; Tison v. Gass, 94 S. W. Rep., 376; Moody, Admr., v. Smoot, 78 Texas, 125; Montgomery v. Culton, 18 Texas, 746, 23 Texas, 156; Blinn v. McDonald, 92 Texas, 605; Wilson v. Smith, 17 Texas Civ. App., 194; Alston v. Emmerson, 83 Texas, 238; Graves v. Campbell, 74 Texas, 576; Davis v. Thompson, 92 Texas, 391; Rackley v. Fowlkes, 89 Texas, 613; Lockhart v. Lytle, 51 Texas, 604; Gullett v. O'Conner, 54 Texas, 415; Burton v. Varnell, 5 Texas, 139; Houston v. Ward, 8 Texas, 124; Saffold v. Navarro, 15 Texas, 76; McDonough v. Cross, 40 Texas, 251; Roy v. Whitaker, 92 Texas, 347.

Where a husband buys land with his separate funds and takes the deed in the name of the wife, the presumption, as between themselves and all others not claiming as innocent purchasers, will be that the property was intended as a gift to her. Smith, v. Strahan, 16 Texas, 320, 25 Texas, 103; Smith v. Boquet, 27 Texas, 513; Baker v. Baker, 55 Texas, 577; Parker v. Coop, 60 Texas, 111;

Peters v. Clements, 46 Texas, 114; Story v. Marshall, 24 Texas, 308; Avery v. Avery, 12 Texas, 54; Richardson v. Hutchins, 68 Texas, 81; Tucker v. Carr, 39 Texas, 101; Hardin v. Jones, 29 Texas Civ. App., 350.

James W. Tison having used money belonging to the separate estate of his wife, Gilley P. Tison, there would be no presumption that it was a gift to him. Bradshaw v. Mayfield, 18 Texas, 21; Barziza v. Graves, 25 Texas, 324; Kendrick v. Taylor, 27 Texas, 698.

When the wife's separate estate is converted into money the husband can not mingle it with funds belonging to himself or the community estate, or use it to meet his obligations or obligations of the community without making the mass of his estate and the community estate liable for its repayment. Richardson v. Hutchins, 68 Texas, 81; Blinn v. McDonald, 92 Texas, 605; Montgomery v. Culton, 18 Texas, 746, 23 Texas, 156; art. 1869, Rev. Stats., 1895.

Defendant in error has a lien on all the property of the estate of Jas. W. Tison in the hands of plaintiff in error. Blinn v. McDonald, 92 Texas, 605; Montgomery v. Culton, 18 Texas, 746; Montgomery v. Nash, 23 Texas, 157; Rev. Stats., 1895, art. 1869; Richardson v. Hutchins, 68 Texas, 81.

The court did not err in excluding the testimony of Robert M. Tison in regard to the ownership of the five-acre tract in Alvin. Rev. Stats. 1895, art. 2302; Eidolstein v. Brown, 95 S. W. Rep., 1128; Parks v. Caudle, 58 Texas, 216; Gilroy v. Richards, 26 Texas Civ. App., 355; Reddin v. Smith, 65 Texas, 26.

REESE, ASSOCIATE JUSTICE.—This is a suit by Lula B. Gass against Robert M. Tison, both in his individual capacity, as sole legatee and devisee under the will of his father, James W. Tison, deceased, and as independent executor of his will, to recover, as sole heir of her deceased mother, Mrs. Gilley P. Tison, certain money and the value of certain personal property, the separate estate of said Gilley P. Tison, which it is alleged had been appropriated and used by the said James W. Tison, husband of the said Gilley P. Tison, and father also of plaintiff. It was alleged that said money and property amounting to $1,425, being the proceeds of a sale of five acres of land, the separate estate of Mrs. Tison, had been used by said James W. Tison in improving a certain tract of land containing 289 acres belonging to the community estate, and it was sought to fix the same as a charge on the land.

It was alleged that the 289 acres of land and certain personal property, belonging to the community estate of the said Gilley P. Tison and her husband, James W. Tison, had gone into the hands of the defendant as independent executor of his father's will or as sole legatee and devisee thereunder and was held by him in such capacity, and partition of the same was sought. The petition also included a claim against defendant for the value of property belonging to the community estate which it is alleged he had converted, and for rents.

The action developed upon the trial into one against defendant in his individual capacity for the $1,425 of the separate estate of

Gilley P. Tison and for payment thereof out of property which was in his hands as sole legatee and devisee under the will of James W. Tison, deceased. Pending the trial the plaintiff married T. E. Russell, who came into the suit *pro forma* as her husband. Annie E. Ransdell, a child of James W. Tison by a former marriage, as was defendant, was, with her husband, made a party defendant and they were served with process, but did not answer, and they were by the judgment dismissed with their costs. Defendant answered in his individual capacity alone.

The case was tried by the court without a jury and conclusions of fact and law were filed. In the findings of fact the court found, substantially, that the five acres of land which had been sold by James W. and Gilley P. Tison was the separate property of the said Gilley P. Tison, and that of the proceeds, amounting to $1,425, $426 which had been paid in lumber, had been used by James W. Tison in improving the 289 acres of land, which was his separate estate, and that the balance of the $1,425 was mixed with his separate funds and used by him for the benefit of his separate estate; that Gilley P. Tison died intestate June 26, 1900, and there was no administration on her estate and that plaintiff is her sole heir; that she had no separate estate except the claim on her husband for the $1,425; that there was at her death community estate of the value of $278.75; that James W. Tison had other personalty, his separate estate, of the value of $447.60 in addition to the 289 acres of land; that he died testate on June 9, 1903, still possessing all of said property; that by the terms of his will his son, the defendant, was named as independent executor and was made sole legatee and devisee; that said will had been duly probated, and that the defendant has had, since the death of said James W. Tison, and now has, possession of all of said property and is claiming it under the will.

The court further found that after the death of said Gilley P. Tison the said James W. Tison acquired an outstanding title to an undivided 41 acres of said 289 acres.

The conclusions of law are reflected in the judgment which was in favor of plaintiff that she recover of "the defendant, Robert M. Tison," the said sum of $1,425, with a decree that $426 thereof was a lien upon all of the 289 acres except the undivided interest of 41 acres aforesaid. It was decreed that the land be sold for the satisfaction of said sum and that the remainder of the proceeds of such sale be disposed of under the direction of the decree. It was further decreed that the balance of the $1,425 be collected, first, out of the sale of specified articles of community property, in possession of Robert M. Tison; second, out of the proceeds of the sale of specified articles of separate property of said James W. Tison in the hands of Robert M. Tison, and that the remainder of said judgment unsatisfied be collected out of the remaining proceeds of the sale of the land. It was decreed that if any of the property was left after satisfaction of the judgment it should be returned to Robert M. Tison, and title to the same is adjudged to him; that no further execution issue, and that no judgment is rendered against Robert M. Tison

except as he has interest, and after execution of the above orders, no further amount shall be collected of him.

No notice is taken in the decree of Robert M. Tison specially in his character of independent executor.

Defendant prosecuted an appeal from the judgment as independent executor without giving bond for such appeal, which appeal was, for this reason, dismissed by the Court of Civil Appeals of the Fourth District. (16 Texas Ct. Rep., 266.) He now brings the judgment to this court upon writ of error.

Plaintiff in error suggests, *in limine*, that the judgment is not a final judgment and this court is without jurisdiction. The ground of the suggestion is that the judgment does not dispose of the case, as against Robert M. Tison in his capacity as independent executor. The suit was to reach and condemn to the satisfaction of plaintiff's debt against James W. Tison, certain property in the hands of Robert M. Tison, who was both independent executor and sole beneficiary under the will of his father. He alleges in his answer that he is, by virtue of the terms of his father's will, the sole owner of the property. The judgment disposes of all of the issues as to all of the parties. There can be no question that it is *res adjudicata* as to all of the issues involved as against defendant in error and the said Robert M. Tison and the estate of James W. Tison, and as such is, we think, a final judgment. (Linn v. Arambould, 55 Texas, 617; Martin v. Crow, 28 Texas, 614.)

The defendant's plea to the jurisdiction of the trial court was properly overruled. The will having been probated and the inventory and appraisement filed the cause was dropped from the docket of the Probate Court, and the property went into the hands of Robert M. Tison as sole beneficiary under the will, subject to the debts of the estate. Whether he held it as independent executor or as sole legatee and devisee he might be sued by a creditor of the estate and the property in his hands condemned to the satisfaction of the debt.

It does not appear that the rights of other creditors, if any such there be, are affected. Certainly plaintiff in error having taken possession of the estate as owner by virtue of the provisions of the will, can not here set up such rights as defense to this proceeding without at least making such other creditors parties and seeking to have the property in his hands properly applied to the payment of all the debts. The judgment did not partition the property even of the community estate, but subjected all of it to the payment of plaintiff's debt.

The petition is not subject to the objection that it is multifarious. The entire proceeding was to settle the rights of the parties in and to the property in the possession of plaintiff in error and to subject it to the payment of plaintiff's demand, and the issues were all properly triable in one suit. It is difficult to see how they could have been properly determined otherwise. As the case was finally determined the court simply established the debt sued for and provided for its satisfaction out of the property. The plea in abatement

was properly overruled by the trial court, and the second assignment of error presenting the question is overruled.

The third assignment of error is likewise overruled. The evidence was sufficient to authorize the finding that the five acres of land, from the sale of which the $1,425 was realized, was separate property of Mrs. Gilley P. Tison. It was shown by the declarations of James W. Tison, as testified to by the witnesses Mrs. Lizzie Dickerson and A. L. Dickerson, that such was his intention in the purchase and improvement of the property. The deed was made to her, whether in her own separate right or not does not appear, but independently of this, the mere fact that James W. Tison bought the land with his separate means and had the deed made to his wife, as between the parties, was sufficient to show that he intended it as a gift to her. (Baker v. Baker, 55 Texas, 577; Smith v. Boquet, 27 Texas, 513; Smith v. Strahan, 16 Texas, 320; Baldridge v. Scott, 48 Texas, 189; Wren v. Howland, 7 Texas Ct. Rep., 705.)

The five acres being separate property of Mrs. Tison the proceeds when sold became her separate property. No presumption can be indulged from the fact that the notes were payable to both husband and wife, that the wife intended thereby to make a gift to the husband or otherwise change the character of the property.

The court did not err in finding as a fact that the $1,425 had been mixed with the separate funds of James W. Tison and used for the benefit of his separate estate. The evidence authorizes the finding that that part of the purchase money of the five acres paid in lumber, amounting to $426, was used in improvements upon the 289 acres, Tison's separate property, and that the balance was collected by him and appropriated. It could not have been properly used in payment of community debts. There is no suggestion that it was used in discharge of any obligation for which Mrs. Tison's separate estate could be made liable. If he converted her separate estate into money or other property and appropriated that to the benefit of himself or to the benefit of the community he is liable to the wife or to her estate or heirs for its value. (Richardson v. Hutchins, 68 Texas, 89.)

There was no error in finding as a fact that James W. Tison had used lumber received for part of the purchase money of the land, of the value of $426, in improvements upon the 289 acres. The evidence is sufficient to authorize the finding. Nor was there error in fixing this amount as an equitable charge or lien on the land. (Parrish v. Williams, 53 S. W. Rep., 80; Robinson v. Moore, 1 C. C. A., 98.) The fifth assignment presenting the point is overruled.

The sixth assignment of error is also overruled. There was no error of which plaintiff in error can complain in the decree of the court prescribing the manner in which the judgment should be enforced and collected.

We can not see the materiality of the finding of the court that the property of James W. Tison's estate and of the community estate was undiminished in value at the time of the trial, as complained of in the seventh assignment of error. The evidence seems

to support the finding, but it seems to us to be immaterial to any of the issues involved. By the decree defendant in error could not go beyond the property in the hands of plaintiff in error in obtaining satisfaction of her judgment.

The tenth, eleventh and twelfth assignments of error are overruled without discussion further than to refer to the agreements of counsel in evidence under which the copies of the account of the bank attached to Welborn's deposition was, without qualification, to be used in evidence.

This was a suit by defendant in error, as heir of Gilley P. Tison, and the court did not err in refusing to allow plaintiff in error to testify, over objection, as to statements, or rather absence of statements, by Gilley P. Tison in regard to the ownership of the five acres in conversations between herself and James W. Tison. (Art. 2302, Rev. Stats.) The evidence would not have been entitled to any weight, if admitted. The witness would have testified simply that he had never heard any such statements made by Gilley P. Tison.

The proposition is presented by several of the assignments of error that the court erred in finding that defendant in error was the sole heir of Gilley P. Tison and as such entitled to the $1,425 due her estate by James W. Tison or his estate. The undisputed evidence shows that at Mrs. Tison's death she left surviving her her husband, James W. Tison, and her only child, the defendant in error. Her personal estate under the law descended to these two in the proportion of one-third to the husband and two-thirds to her daughter, defendant in error, and in this proportion they were entitled, at her death, to the $1,425 due and owing by James W. Tison to his wife. Defendant in error seeks to avoid the force of this by an agreement on the part of plaintiff in error that the first three paragraphs of the plaintiff's petition were true, and that these paragraphs contain the statement that plaintiff was the sole heir of her mother. These paragraphs of the petition also contain the statement of fact that James W. Tison was living at the death of his wife, from which it results that he was one of her heirs, and that the statement that plaintiff was the sole heir, which was, in fact, a mere conclusion of law, was not true. The matter seems to have been overlooked upon the trial, but the question fairly arises upon some of the assignments of error. The error is fundamental. The $1,425 belonged, one-third to James W. Tison and, through his will, to plaintiff in error, and the court should have adjudged only two-thirds of the amount to defendant in error.

The judgment will be corrected accordingly and as corrected will be affirmed at the costs of defendant in error.

*Corrected and affirmed.*

Writ of error refused.