THARP et al. v. STRIKER et al.
(No. 687.)

(Court of Civil Appeals of Texas. El Paso. April 19, 1917. Rehearing Denied May 17, 1917.)

1. WITNESSES ⊙=139(11) — TRANSACTIONS WITH DECEASED—SURVIVING WIDOW.

In a suit against a surviving widow and heirs of a party to a contract for the purchase of land, it was not error to exclude the testimony of the widow under Sayles' Ann. Civ. St. 1897, art. 2302, providing that in actions by or against executors, administrators, or guardians in which judgments may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with or statement by the testator, intestate, or ward, and extending such provisions to actions by or against heirs or legal representatives of a decedent arising out of any transaction with such decedent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 592.]

2. VENDOR AND PURCHASER ⊙=44—ACTIONS —EVIDENCE.

In a suit to recover an undivided interest in real estate based on a contract to purchase, evidence held sufficient to sustain the judgment of the trial court that no contract to purchase was ever entered into.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76.]

Appeal from District Court, Knox County; Jo. A. P. Dickson, Judge.

Action by W. C. Tharp and others against Mrs. Addie Striker and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Mears & Watkins, of Gatesville, for appellants. D. J. Brookreson. of Benjamin. for appellees.

HARPER, C. J. This is a suit to recover an undivided interest of 50 acres in a tract of 160 acres of land in Knox county, Tex. Abstract No. 11, filed July 5, 1915. For cause of action plaintiff alleged that in 1907 T. C. Striker and wife and plaintiffs, W. C. Tharp and wife, went together from Coryell to Knox county to purchase the said land; that it was agreed between them that it was necessary for plaintiffs to take a portion of the survey to enable Striker and wife to make the purchase; that the purchase was made of one McMullen, with the agreement that plaintiff should have 50 acres; that 50 acres were delivered to plaintiffs; that they moved on the land, built a house, made other improvements, put it in cultivation, etc.; that it was agreed that a deed should be made later, but before this was done, Striker died, and the deed was never made; that the money advanced by plaintiffs was accepted and applied upon the original purchase price. They pray judgment for the 50-acre interest, for partition, and in the alternative for judgment for $1,500, the amount of money paid and value of the improvements, and that lien for said amount be established and foreclosed. Defendants plead general denial and not guilty. For special answer say that if plaintiffs contracted to purchase any portion of the land, it was many years ago, was never consummated, was abandoned. That if they put any improvements on it, they were of little value, and that they had received full value thereof in the way of rents from the use of it, and specially deny that plaintiffs paid any portion of the original purchase price. Further plead that the property was her homestead as surviving widow; therefore not subject to partition during her lifetime. Tried without jury, and judgment entered for defendants, from which this appeal is prosecuted.

[1] First assignment of error reads:

"The court erred in failing and refusing to consider the testimony of Mrs. Addie Tharp in making up his verdict in this case by holding that Mrs. Addie Tharp was not a competent witness to testify in this case, because she was a party to the suit and related to the defendant Mrs. Addie Striker in the relationship of daughter and to the other defendants in the relationship of being their sister, and held that, under article 2302 Sayles' Civil Statute, she was not a competent witness. This was error, in that said article did not make Mrs. Addie Tharp an incompetent witness, and that this was a suit partly in the nature of trespass to try title

under a parol conveyance, and for partition, which more fully appears in plaintiff's bill of exception No. 1."

The bill of exceptions with the qualification of the trial judge shows that the testimony, in form of deposition, was admitted in evidence, except such portions as were incompetent under article 3690, R. S. Vernon's Sayles' 1911. This leaves it in doubt whether the court considered all of the statements of the witness or not.

The appellant urges that this suit was not against the defendants as heirs and representatives of the deceased; therefore does not come within the inhibition of the statute. As will be noted from pleadings quoted above, the suit is against the surviving widow and heirs of T. C. Striker, deceased, and we believe comes within the statute under Boiders v. Dooley, 154 S. W. 614, and authorities there cited.

[2] But if there is a distinction, this trial having been before the court and no findings of facts and conclusions of law having been filed, we must here sustain the judgment of the trial court on any theory which the pleadings and evidence will permit or sustain. The defense to plaintiff's action was threefold: First, that no contract of sale was ever made to plaintiff; second, if the contract alleged was made, it was voluntarily abandoned by plaintiff; and, third, that the 160 acres was the homestead of the surviving widow, and therefore not subject to be partitioned during her lifetime. There is evidence sufficient to sustain the judgment of the trial court upon the theory that no such contract was made, or, if made, abandoned. Malone v. Fisher, 71 S. W. 996; Tinsley v. Penniman, 8 Tex. Civ. App. 495, 29 S. W. 175; Reed v. Brewer, 90 Tex. 144, 37 S. W. 418. This disposes of the third and last assignment, which is that the court erred in finding for the defendant because the evidence is insufficient to sustain such finding.

Finding no reversible error in the record, the cause is affirmed.