personally liable for his own misfeasance; but the case can have no bearing on the question involved in this.

We do not find that any other State in the Union has a statute in all respects the same as that in force in this State, and have been unable to find any case in which the question involved in this is considered; but after holding the case under advisement for some time, in view of the importance of the question involved, as well as its novelty, and after giving to it full consideration, we are constrained to hold that the ruling of the court below was correct. Some judgments have been affirmed by this court that were rendered against receivers officially for damages for injuries resulting in death, but in those cases the question involved in this was neither suggested nor considered, and they can not be considered as adjudications of the question.

If it be desirable to make the property of a railway company liable in actions of this character on account of the negligence of a receiver in whose hands it may be, or on account of the negligence of his servants or agents, the Legislature will doubtless so amend the law as to give such liability.

The law is peculiar, in that it restricts liability for the negligence of agents and servants to persons and corporations engaged in given lines of business, no more dangerous in many of their branches than are many others in which the liability is made to depend on the wrongful act, unskillfulness, or negligence of the person or corporation to be affected. Whether such discriminations are conducive to the public welfare is a matter for consideration of the Legislature.

The judgment will be affirmed.

*Affirmed.*

Delivered February 5, 1892.

A motion for rehearing was refused.

---

THOMAS AND RICHARD ALSTON V. S. P. EMMERSON.

No. 3421.

1. **Judgment Without Service on Defendants.** — McAnear v. Epperson, 54 Texas, 220, adhered to, in holding that a judgment rendered without actual service of process on minors, defendants, represented by a guardian ad litem, was not void. This is in harmony with former decisions of this court. Thomas v. Jones, 10 Texas, 52; Kegans v. Alcorn, 9 Texas, 34; Wheeler v. Ahrenbeck, 54 Texas, 536.

2. **Cases Qualified.**—Kramer v. Haynie, 67 Texas, 451, and Sprague v. Haynes, 68 Texas, 218, qualified.

3. **Fact Case—Judgment Not Void, Only Voidable.**—In a partition suit in the District Court it appeared that citation to Thomas and Richard Alston, minors, was returned not served. It did not appear that any other citations were issued for them. The court appointed a special guardian to represent the minors. Under judg-

ment for costs lands allotted them were sold, and Emmerson became holder under the sale. The parties, Thomas and Richard Alston, testified, that no service had been made upon them. *Held,* that the judgment for costs through which Emmerson held was only voidable, and that in a collateral attack the sale was conclusive against the defendants in the execution sale.

4. **Limitation Affecting Title to Land.**—Sheriff sale September, 1879, passing title to the purchaser. Suit upon such title against defendants in execution for the land sold was filed October 7, 1886. They pleaded limitation and relied solely upon adverse possession. *Held,* that it was impossible for defendants by such possession for the period to acquire title against plaintiff holding under the sheriff sale.

5. **Irregularity.**—A final judgment in partition omitted one of the parties shown in the pleadings to have an interest in the land. (Four persons were alleged to own one-twelfth of the land. In the decree that share was allotted to three of them by name; no mention of the other.) *Held,* it might be presumed, to support the judgment, that some reason was shown in the proceedings for the omission in the decree; but the omission did not render the decree void. Nor could parties not injured by such omission take advantage of the omission.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

The opinion states the case.

*Word & Reeves* and *C. F. Clint,* for appellants.—1. The record in the partition proceedings affirmatively shows the want of jurisdiction over the persons of defendants. To presume that at some future time the court acquired jurisdiction over said defendants would be to contradict the record, which imports absolute verity. Withers v. Patterson, 27 Texas, 491; Treadway v. Eastburn, 57 Texas, 213; Heck v. Martin, 75 Texas, 470; Murchison v. White, 54 Texas, 82; Wilson v. Schoonmaker, 77 Texas, 617; Chambers v. Jones, 72 Ill., 278; Campbell v. Campbell, 63 Ill., 463; Galpin v. Page, 18 Wall., 366; Freem. on Judg., sec. 125; 1 Black on Judg., secs. 277, 278.

2. The courts can acquire jurisdiction over the person of a defendant only in some one of the modes prescribed by statute, and no difference is made between minors and adults. The appointment of a guardian ad litem for a minor defendant over whose person jurisdiction has not been obtained by some one of the modes prescribed by statute is not merely an irregular or defective exercise of jurisdiction, but it is the exercise of a jurisdiction that did not exist but was wholly wanting; and a judgment rendered under such circumstances, although said minor may have been represented in the action by said guardian ad litem, is not voidable merely, but is absolutely void. Kremer v. Haynie, 67 Texas, 451; Sprague v. Haynes, 68 Texas, 218; Chambers v. Jones, 72 Ill., 278; Campbell v. Campbell, 63 Ill., 463; Johnson v. Sav. Union, 63 Cal., 563; Freem. on Coten. and Par., sec. 467; Chambers v. Jones, 72 Ill., 278.

3. The suit for partition was an action simply to partition the estate of John D. Alston among his heirs, and the title to this land was not

involved; it did not affect the title which prior to that time had been acquired by the ancestor of these defendants by gift from his father; nor did it affect the title that defendants and those through whom they claim acquired to said land by ten years limitation. Davis v. Agnew, 67 Texas, 214; Thompson v. Cragg, 24 Texas, 582; Grigsby v. Peak, 68 Texas, 235; Caruth v. Grigsby, 57 Texas, 259; Grigsby v. Caruth, 57 Texas, 269; Freem. on Coten. and Par., sec. 529; 2 Black on Judg., sec. 660.

4. The judgment in the partition proceedings failed to dispose of all the parties plaintiff, and is therefore void. Mignon v. Brinson, 74 Texas, 18.

*Cobb & Avery*, for appellee.—1. A domestic judgment of a court of general jurisdiction upon a subject matter within the ordinary scope of its powers is entitled to such absolute verity that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence aliunde will not be admitted to contradict it. Fitch v. Boyer, 51 Texas, 344; Murchison v. White, 54 Texas, 78; Tennell v. Breedlove, 54 Texas, 543; Collins v. Miller, 64 Texas, 119; Williams v. Haynes, 77 Texas, 283.

2. Where the judgment, which is the final act of the court, entered upon a full examination and consideration of all necessary facts, recites that the parties are before the court, or "this day came the parties," then it affirmatively appears that jurisdiction over the persons has attached, and the recital is a judicial finding importing absolute verity, and is not open to collateral attack. Treadway v. Eastburn, 57 Texas, 213; Fitch v. Boyer, 51 Texas, 44; Smith v. Wood, 37 Texas, 616; De Walt v. Snow, 25 Texas, 320; Laird v. Thomas, 22 Texas, 276; Cullen v. Ellison, 13 Ohio St., 446.

3. Where the citation and its return show that legal service could not have been had, still, if the judgment recites that the parties are before the court, that recital imports absolute verity and can not be contradicted by the citation and its return. Treadway v. Eastburn, 57 Texas, 209; Williams v. Haynes, 77 Texas, 283; Davis v. Robinson, 70 Texas, 394.

4. A purchaser is not bound to look beyond the judgment of a court of competent jurisdiction, and the title of an innocent purchaser for value and without notice will be protected from irregularities in the proceedings not shown in the judgment. Alexander v. Maverick, 18 Texas, 197; Brown v. Christie, 27 Texas, 73; Lynch v. Baxter, 4 Texas, 440; Withers v. Patterson, 27 Texas, 491.

5. The question of jurisdiction must be tried and determined by the record; evidence aliunde is not admissible on the issue. Murchison v. White, 54 Texas, 78; Collins v. Miller, 64 Texas, 119; Fitch v. Boyer,

51 Texas, 344; Treadway v. Eastburn, 57 Texas, 212; Freem. on Judg., secs. 123, 124.

6. A failure to cite infant defendants personally in a suit pending in a District Court of this State, they having been defended by a guardian ad litem, is not such a defect as would render the judgment void so that it could be successfully impeached on collateral attack. McAnear v. Epperson, 54 Texas, 224; Wheeler v. Ahrenbeak, 54 Texas, 537; Fleming v. Seeligson, 57 Texas, 532; Jones v. Parker, 67 Texas, 79; Kegans v. Allcorn, 9 Texas, 25; 1 Black on Judg., secs. 194, 195.

7. Such a defect renders the judgment only voidable, not void, and should be reversed on appeal or error, which may be instituted within two years after removal of the minor's disabilities. Wheeler v. Ahrenbeak, 54 Texas, 537; McAnear v. Epperson, 54 Texas, 224; Murchison v. White, 54 Texas, 78.

8. To sustain a parol gift of land, the evidence as to the terms and conditions of the contract must be full, clear, and satisfactory. Permissive occupation by the father and expectation of a gift by the son will not bring the case within the rule. To sustain such a gift there must be clearly shown such a character of possession, accompanied by expenditures made for valuable improvements, as to render it inequitable to oust the claimant. The evidence must show the improvements made of pecuniary value. Murphy v. Stell, 43 Texas, 135.

9. A failure in the final judgment in partition to dispose of one who was mentioned in the original petition as owning an interest in the land to be partitioned does not render the judgment void, and is not even such an error as would cause reversal of the judgment if complained of for the first time in the Supreme Court. Caruth v. Grigsby, 57 Texas, 267.

10. A party who is not injured by an irregularity that occurred in the proceedings in a cause can not complain of it after final judgment. Mohr v. Porter, 51 Wis.; Mohr v. Tulip, 40 Wis.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee to recover lands which once belonged to John D. Alston, and the rights of the parties depend on the validity of a judgment through which the lands were partitioned among his heirs. The original decree directing partition was entered on April 29, 1878, by the District Court for Dallas County, and the report of commissioners was approved and final partition made on May 7, 1879.

Appellants took a part of the land in controversy, as heirs, in that partition, and the residue of that in controversy was set apart to another heir of John D. Alston, and the interests of these persons was acquired by appellee under sales made under executions against these distributees for costs of partition adjudged against them. These sales are admitted to have been regularly made, and it is further conceded,

that appellee paid valuable consideration without knowledge of any vice in the judgment under which the executions issued; but it is claimed that the judgment was void because appellants, who were minors when the judgment was rendered, were not cited, although they were represented by a guardian ad litem appointed by the court.

The suit in which the judgment in question was entered was brought by the other heirs of John D. Alston, against appellants, on September 20, 1875, and citations to the defendants were issued on the day the suit was brought, commanding them to appear at the next October term of the court, but the returns made on these citations, on the 27th and 29th of the same month, showed that they were not served, because defendants were not to be found in Dallas County, and no other citations were found among the papers of the case, and the record does not affirmatively show that any others were issued.

This is an agreed case, and the other facts affecting the question of jurisdiction are thus given:

"6.   The following entry is made on the judge's docket, viz.: 'October term, 1875, Philip Lindsley appointed guardian ad litem for the defendants, Thomas and Richard Alston.'   There is nothing else to indicate when the guardian ad litem was appointed.   June 15, 1876, the guardian ad litem filed for the said Thomas and Richard Alston an answer containing a general and special demurrer and a general denial. Said guardian represented said minors throughout said proceedings, and in the judgment affirming the report of the commissioners appointed, as hereinafter shown, to divide the land, a fee of $25 was allowed said guardian ad litem for his services as such.

"7.   April 29, 1878, John M. Stemmons was permitted to intervene in said cause.   In his plea of intervention filed on said date he alleged, that on April 9, 1858, Richard Alston, Sr., father of defendants Thomas and Richard Alston, sold by metes and bounds 50 acres of said 426 acres survey to Jesse Atterburry, and that Atterburry afterward sold the same to Estes, and Estes afterward sold the same to intervenor; intervenor asked that 50 acres of the land to which Richard and Thomas Alston were entitled by reason of their heirship from their father, Richard Alston, Sr., be set aside to him.

"8.   April 29, 1878, judgment was rendered in said cause.   There were no recitals in said judgment that defendant had been served with citation, or that the court had jurisdiction over their persons, other than the following recital in the judgment, viz.: 'This day came the parties by their attorneys, and waive a jury, and submit the matters in controversy, as well of fact as of law, to the court; and the evidence and argument of counsel being heard,' etc.   This judgment determined the interest of each of the parties in said tract of land.   The interest of Richard and Thomas Alston together was adjudged to be one-sixth, out of which it was decreed that the intervenor John M. Stemmons was

entitled to 50 acres. Commissioners were appointed to partition said survey in accordance with said judgment, and were directed to set aside to intervenor 50 acres out of the one-sixth adjudged to the said Richard and Thomas Alston.

"9. The original petition filed in said partition proceedings represented that there were four of the Angell heirs, entitled together to one-twelfth of said survey; the four heirs were named. The decree made no mention of Thomas Angell, one of the Angell heirs, but it ascertained and named the parties to whom the land in controversy jointly belonged, and assigned to each one his interest, naming the three Angell heirs entitled to one-twelfth, and upon this basis partition was made. After the original petition was filed it appears of record that leave was given plaintiffs to file an amended petition; but no amended petition was found among the papers of the cause."

Appellants, over objection of appellee, testified, that they were never served with citation in this partition suit, but that they knew of the proceedings and partition under them a few days after the commissioners partitioned the land; and one of them at time of trial was 27 years old and the other 29.

"It is admitted by the parties, that unless it affirmatively appears from the record as above set out in said partition proceedings that the court did not have jurisdiction over the persons of defendants, or unless they could show a want of jurisdiction over their persons by oral evidence, that then said judgment is valid and binding on defendants. The parties therefore submit for the decision of the Supreme Court the following issues:

"1. Does the record in said partition proceedings as above set out show affirmatively the want of jurisdiction over the persons of defendants?

"2. If the record does not show the want of jurisdiction over the persons of defendants, can it be shown by the oral evidence of the defendants themselves in this proceeding?

"3. If, however, the court did not have jurisdiction over the persons of the defendants, but nevertheless appointed a guardian ad litem for them, who represented them throughout the proceedings, what would be the effect of the judgment rendered under such circumstances against the minor defendants?

"4. If the judgment rendered in said partition proceedings is valid and binding on these defendants, would it be res adjudicata as to any other title except that which the record above set out shows to have been involved in that proceeding; and if it was not, does the evidence show that John D. Alston gave the survey to the father of these defendants, or does the evidence show a title by limitation in them under the ten years statute of limitation?

"5. It is agreed that the court may render such judgment as the law and facts may warrant."

In the view taken of one question involved in this case it is not necessary to consider the first and second issues submitted; for if it be conceded that it was shown in any lawful manner that appellants were never served with process in the partition suit, still all the members of this court concur in holding, under the former decisions of this court, that the judgment through which appellee acquired right was at most only voidable.

It appears that appellants were represented by a guardian ad litem appointed by the court, and the question whether a judgment rendered under such circumstance against a minor not actually brought into court by service of process was void or only voidable was considered, after having been long held under advisement, by this court in the case of McAnear v. Epperson, 54 Texas, 220, in which it was held, that a judgment rendered without actual service of process on the minors who were represented by a guardian ad litem was not void. That decision has doubtless been often acted upon, it has become a rule of property, and in view of the great conflict of authority upon the question involved, were this not so, we would not feel authorized now to establish a different rule. The case referred to is in harmony with the former decisions of this court. Thomas v. Jones, 10 Texas 52; Kegans v. Alcorn, 9 Texas, 34; Wheeler v. Ahrenbeak, 54 Texas, 536.

Cases have been before this court on appeal or writ of error in which judgments were reversed for want of service on minors, notwithstanding they were represented by guardians ad litem, and expressions may be found in some of these cases from which the inference might be drawn that the writer of the opinion may have inclined to the view that judgments rendered under such circumstances were void. Kremer v. Haynie, 67 Texas, 451; Sprague v. Haines, 68 Texas, 218. The difference between void and voidable judgments, and between direct and collateral attacks on judgments, are too well understood to now require statement.

The judgment under consideration in this proceeding must be held binding on appellants.

It is contended, however, that the judgment partitioning the estate of the grandfather of appellants would not operate as a bar to any right they may have taken by inheritance from their father, and it seems to be claimed that their father acquired title to the tract of land, of which that in controversy is a part, through a verbal gift from their grandfather as well as by adverse possession. We are of opinion, however, that there was no evidence sufficient to show that the father of appellants had acquired title by verbal gift from their grandfather, nor to show that their father or themselves had acquired title by limitation, and it therefore becomes unnecessary to inquire whether the rule as-

serted in Thompson v. Cragg, 24 Texas, 582, would have application were the facts sufficient to show title to the land in the father of appellants.

The sale under execution through which appellee claims was made in September, 1879, and passed all interest appellants had in the tract of land set apart to them, and as this action was instituted on October 7, 1886, appellants could not have acquired title to any of that land, or to the land set apart to the other heir of John D. Alston, by limitation, even if they had been shown to have been in continuous possession of those parts of the tract at all times since appellee acquired right; but it is not shown that they have ever had possession of those parts at any time.

It is urged that the judgment rendered in the partition suit was void because it did not dispose of the rights of all parties to it. This is based on the fact that the original petition alleged that the four Angell heirs were entitled together to one-twelfth of the tract to be partitioned, whereas the final decree gave one-twelfth of the tract to three of the Angell heirs, and made no mention of the fourth. This fact would strengthen the inference which arises from other parts of the record, that the record of the proceedings in the partition suit produced on the trial of this cause was not a complete record, and it might be presumed that when leave to do so was given an amended petition was filed which showed why one of the Angell heirs ought or could not longer be a party to the suit, and why the one-twelfth of the tract should be given to three instead of four; but if the decree did in fact fail to dispose of the right of one, a party to the proceeding and having an interest in the land, this would not render the decree void, nor could appellants take advantage of any such defect in the proceedings not operating to their injury in order to invalidate the title of appellee acquired through sales made under process issued against themselves and another under that decree.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered February 5, 1892.

A motion for rehearing was refused.