## W. H. HOLT v. EMMA J. LOVE ET AL.

Decided October 21, November 21, 1910.

**1.—Judgment—Collateral Attack.**

Unless the record affirmatively shows that the court was without jurisdiction the judgment is not void and not subject to collateral attack.

**2.—Minors—Judgment—Jurisdiction.**

A judgment against minors rendered without service of citation, without their knowledge, and without the appointment of a guardian ad litem, was voidable in a direct proceeding brought by them for that purpose.

**3.—Same—Attack on Judicial Sale—Parties.**

An action brought for the recovery of land which alleged the invalidity of a judgment and sale for partition in the same court, under which defendant claimed to have acquired title, attacking it as being obtained without service of process on the present plaintiffs or jurisdiction to render judgment against them, was a direct, not a collateral attack on the judgment. It was not necessary to make parties thereto others who were parties to the partition suit and bound thereby, and who would not be affected by the judgment and sale being set aside as to these plaintiffs.

Vol. LXIII Civil-5.

**4.—Community Property—Wife's Separate Estate—Innocent Purchaser—Judicial Sale.**

Land having been conveyed to a husband, though paid for with the separate means of his wife, a purchaser at judicial sale for purpose of partition was protected against the undisclosed equitable interest of the wife, and took such interest as though it were, as presumed from the record title, community property.

**5.—Same—Case Stated.**

An heir of the husband and wife, both deceased, sued to set aside a sale of property for purpose of partition, in an action commenced against the father in his lifetime but to which she was not made a party after the father's death before judgment. The land was conveyed to the father, though paid for with the separate means of the mother, his wife. Held that plaintiff, setting aside the judgment and sale and recovering her interest as heir which was not divested thereby, took such interest only as against the purchaser who bought without notice of her mother's equitable rights, as she would have inherited had the land been, as presumed from the record title, community property of her father and mother, instead of the mother's separate estate.

ON MOTION FOR REHEARING.

**6.—Evidence—Matter of Defense.**

That defendant was an innocent purchaser, without notice of the wife's equitable interest in land conveyed to the husband, was matter of defense to an action by the heirs of the wife claiming that it was bought with her separate means, and could not be urged as an objection to evidence offered by plaintiffs to prove the mother's title.

Appeal from the District Court of Tarrant County. Tried below before Hon. Jas. W. Swayne.

*Orrick & Terrell,* for appellant.—The peremptory instruction to find for defendant should have been given. Rev. Stats., art. 2378; Freeman on Judgments, sec. 513; Alston v. Emerson, 83 Texas, 231; Morton v. Robertson, 67 Texas, 379-382; Smoot v. Judd, 83 S. W., 508-9; Holmes v. Buckner, 67 Texas, 111-112; Edwards v. Brown, 68 Texas, 332; Schneider-Davis v. Sellers, 61 S. W., 544; 18 Texas, 196.

The judgment could not be attacked collaterally. Same cases. Also: Hensley v. Lewis, 82 Texas, 596; Alexander v. Maverick, 18 Texas, 196; Freeman on Judgments, 510; Tennell v. Breedlove, 54 Texas, 543.

The judgment not being void, evidence aliunde to show want of jurisdiction was inadmissible. Crawford v. McDonald, 88 Texas, 632-3; Merchison v. White, 51 Texas, 543; Heck & Baker v. Martin, 75 Texas, 472; Edwards v. Halbert, 64 Texas, 667; Treadway v. Eastburn, 57 Texas, 214.

Defendant's demurrer should have been sustained, the petition showing on its face an attempt to attack the judgment collaterally. York v. Cartwright, 42 Texas, 141; Wichita Land Co. v. Ward, 21 S. W., 131; Williams v. Norton, 58 Texas, 712; McGee v. Romatka, 44 So., 700.

The court erred in that it did not render judgment for the defendant upon motion under his plea of the statute of limitation of the three years, defendant having shown a valid title under said plea. Rev. Stats., arts. 340, 3341; Grigsby v. Mays, 84 Texas, 248-257; Pearson v. Burdet, 267 Texas, 172; Teague v. Rogan, 59 Texas, 431-434; Downs v. Porter, 54 Texas, 62-3.

It was inadmissible by parol testimony to ingraft a secret trust upon the property in question of which the defendant had no notice. He being a purchaser in good faith. Crawford v. McDonald, 88 Texas, 631-2; Heck & Baker v. Morton, 75 Texas, 471-2.

*Harris & Harris,* for appellees.—A partition judgment between co-tenants can not be sustained on pleadings in trespass to try title where plaintiffs sue for the title and possession of the entire land, and where the answer of defendants sets up general denial, not guilty, limitations and improvements in good faith. James v. Northcutt, 49 Texas, 456; Pushaway v. Runnels, 71 Texas, 354; Ship Canal Co. v. Bruey, 45 Texas, 8.

A deed under a void (partition) judgment and order of sale is neither title nor color of title, and will not support title by limitations of three nor five years. Green v. Hugo, 81 Texas, 453; Higgins v. Bardages, 31 S. W., 54-5; Lidsey v. Jaffrey, 55 Texas, 637-8; 1 Black on Judgments, sec. 218; Smith v. Power, 23 Texas, 33-4; Northcraft v. Oliver, 74 Texas, 168; Stegal v. Huff, 54 Texas, 196.

The supposed judgment of partition was rendered without pleadings to support it, and was therefore void for want of jurisdiction. Pishaway v. Runnels, 71 Texas, 354; Philipowski v. Spencer, 63 Texas, 604; Converse v. Davis, 90 Texas, 462; Blagge v. Moore, 23 S. W., 466; Murchison v. White, 54 Texas, 78; Lindsey v. Jaffrey, 55 Texas, 637; Higgins v. Bordages, 31 S. W., 52-5; 1 Black on Judgments, 218; McDonald v. Farmer, 56 S. W., 555.

Where the judgment under which appellant claims title, does not find and recite, that service was duly made, parole testimony is admissible to prove that none was in fact made. Martin v. Burns, 80 Texas, 676-679.

One can not sustain a claim as innocent purchaser in good faith under a deed based on a judgment subject to collateral attack, for want of jurisdiction on the part of the court rendering it, because he is bound to take notice of the fact that the judgment fails to recite that service was duly had, and when the facts show, as in this case, no service was had, appellant's title, pleas of innocent purchaser, etc., crumble and fall with the void judgment, rendered by a court without jurisdiction; nor can he be an innocent purchaser as to persons not parties to the case. Jones v. Northcutt, 49 Texas, 445; Blumm v. Rogers, 71 Texas, 669; Humbel v. Davis, 33 S. W., 251.

An agreed judgment of partition entered into by attorney not authorized to represent persons sought to be bound thereby, may be collaterally attacked by pleading and proof that such attorney acted without authority. Sparger v. Haines, 68 Texas, 216; 67 Texas, 450; Starman v. Bilby, 43 Texas Civ. App., 293; Earnest v. Glasser, 74 S. W., 605; Babcock v. Wolfforth, 35 Texas Civ. App., 512; McCormick H. M. Co. v. Messon, 41 S. W., 762.

A court has no jurisdiction to render judgment on issues not raised by the pleading, and such judgment is subject to collateral attack. Northcraft v. Oliver, 74 Texas, 168.

The authority of an attorney may be disproved notwithstanding he procures the approval of an agreed judgment by the court, reciting he is attorney for parties therein mentioned, and the return of an officer on a citation may be disproved by oral testimony.   Bright v. Sampson, 20 Texas, 23; Merrett v. Clow, 2 Texas, 582; Hill v. Mindenhall, 22 Wall., 453; Buse v. Vinsant, 40 Ark., 124; Anderson v. Hawks, 115 Ill., 33; Hess v. Cale, 23 N. J. L., 116; Kipley v. Irwin, 14 Neb., 300; Layer v. Richards, 10 La. Ann., 669; Chapman v. Austin, 44 Texas, 133; Coop v. Greenburg, 34 S. W., 689; Carter v. Rowland, 53; Anderson v. Oldham, 82 Texas, 228; Gatlin v. Dibble, 74 Texas, 37; Randel v. Collins, 58 Texas, 232; Williams v. Downs, 30 Texas, 52.

HODGES, ASSOCIATE JUSTICE.—This suit was originally instituted by Emma Love, formerly Emma Chism, one of the appellees, joined by her husband, against the appellant Holt, to recover a tract of 80 acres of land described in her petition.   Afterward Ella Taylor, a sister of the plaintiff in the suit, joined by her husband, intervened, setting up a claim to a one-half interest in the land sued for.   It appears from the pleadings and subsequent proceedings that the claim of the intervenors was not contested by the plaintiffs, and that they thereafter made a common claim against Holt.   Emma Love and Ella Taylor are the children of E. W. and M. J. Chism, both deceased, through whom they assert title by inheritance   They allege that the property was the separate estate of their mother; and in the alternative say that if they are mistaken in this, then it was the community property of their father and mother.   The appellant Holt claims the land by virtue of a purchase at a sale made in obedience to a partition decree rendered in a suit numbered 4001, styled Isaac Caradine and others v. R. M. Kinkle and others, rendered in 1896.   The sufficiency of the defense relied upon by him to defeat the claim of Emma Love depends upon the binding force of that decree.   The claim of Ella Taylor is also met by the further plea of limitation of five years.   The case was submitted to the jury on special issues, and a judgment rendered in favor of Emma Love and her husband for one-third of the land and in favor of appellant Holt for the remainder.   The case is brought up on appeal by Holt, but Ella Taylor and her husband have filed several cross-assignments of error.

The evidence shows that in 1887 the suit before referred to was instituted in the District Court for the Thirty-seventh Judicial District of Texas by Isaac Caradine and others against R. M. Kinkle, R. D. Leatherman, A. M. Coble and E. W. Chism the father of Emma Love and Ella Taylor, to recover 160 acres of the Caradine survey, of which the land in controversy is a part.   Upon what the judgment in that case terms a "severance," specific portions of the land were awarded to Leatherman and Coble, leaving only that here involved to be disposed of in the final decree.   Both Chism and his wife died during the pendency of this litigation, which seems to have been protracted through several years.   Chism survived his wife a little more than a year, and married again previous to his death.   Both of the appellees were minors and unmarried at the

time of their father's death. The record shows that the death of E. W. Chism was suggested in that suit, and an order entered making the appellees parties. Upon the final trial of that case judgment was rendered in favor of Mary Sharp, one of the Caradine heirs and a plaintiff in the suit, for a portion of the land; and for the defendants, including the appellee Emma Love and appellant Ella Taylor, for the remainder; and directing a partition of the property. Emma Love and Ella Taylor each received in that judgment an interest equal to 2/39 of the land involved. Commissioners were appointed to make the division, but reported that the land was not susceptible of partition. The court thereupon ordered it sold and the proceeds divided. At that sale the appellant became the purchaser, and here asserts the title there acquired. The record shows that he paid $500 for the land. Appellee Emma Love and her sister seek to evade the force of that decree and the sale made thereunder by alleging and showing that they were never served with citation in that suit; that they were minors at the time, and knew nothing of its pendency, and were not·represented by any guardian ad litem upon the trial. They ask that the judgment there rendered be set aside as to them, and the cloud cast by it upon their title be removed. In reply to this the appellant contends that the record shows affirmatively that these parties were served with citation and were represented in the trial of that case by a special guardian. He further contends that if they were not served with citation and were not so represented, their impeachment of this judgment is collateral and not permissible. We have therefore two questions presented by this phase of the pleadings: 1. Whether the original judgment was void or merely voidable as to Emma Love and Ella Taylor; and 2, Whether their pleadings in this suit constituted a collateral, or a direct, attack upon that judgment. The judgment in cause No. 4001 contains no recital of service on the appellees, but does purport to dispose of their interest in the land in litigation. The record also shows an allowance of a fee of $25 to B. P. Ayres as compensation for his services in representing them as a special guardian. But there does not appear any order appointing him to act in that capacity. Neither the judgment itself in that case nor the record introduced in evidence discloses affirmatively that the court was without jurisdiction of the persons of Emma Love and Ella Taylor. The judgment is therefore only voidable, and not subject to a collateral attack. Crawford v. McDonald, 88 Texas, 626, 33 S. W., 325; Alston·v. Emmerson, 83 Texas, 237, 29 Am. St., 639, 18 S. W., 566; 1 Black on Judg., sec. 271.

In response to interrogatories propounded by the court the jury found that Emma Love and Ella Taylor were never served with citation in suit No. 4001, that Emma Love was a minor at the time, that no guardian ad litem was ever appointed by the court to represent her, and that neither she nor her sister knew anything of the judgment's having been rendered till a short time before the filing of this suit in 1907. That judgment, therefore, as to them, was rendered without jurisdiction having been acquired over their person, and can now be impeached in a

direct proceeding instituted for that purpose. The nature of the original petition of appellee Emma Love and appellant Ella Taylor is sufficient, we think, to constitute such an attack, and there was no error committed by the court in admitting evidence to show a want of service on them in that suit. The judgment there rendered, if voidable, was only so in part, and was valid as to those who were in fact parties to the suit and subject to the jurisdiction of the court. Appellant Holt acquired all of the interests held by those parties at the sale made in obedience to the decree of partition, and there was no necessity for making them parties in this, proceeding. Wichita Land & Cattle Co. v. Ward, 1 Texas Civ. App., 307, 21 S. W., 130; Hudson v. Morriss, 55 Texas, 604; Saffold v. Navarro, 15 Texas, 76; York v. Cartwright, 42 Texas, 141.

As to the appellant Ella Taylor, the evidence shows that her claim was at the time of the institution of this suit barred by the statute of five years limitation, and there is no occasion for us to further notice her assignments of error in this record.

The question remaining is, was there error in rendering judgment for Emma Love for one-third of the land? Her minority relieved her from the bar of limitation, and clearly she was entitled to some portion of the property sued for. The jury found that the land was the separate estate of her mother, and the court evidently made the award of one-third upon that finding, she and her sister being the only surviving children of their deceased mother. Appellant Holt assails that portion of the judgment by alleging that he bought without notice of the fact that the land was the separate property of Mrs. Chism, and upon the assumption that it was the community property of E. W. Chism and his wife. The facts show, and the jury so found, that the land was paid for with the separate means of Mrs. M. J. Chism, the mother of Emma Love and Ella Taylor, but that the deed was in the name of E. W. Chism and so stood upon the record. It is also shown that E. W. Chism had been married previously and by that marriage had several children, who, we infer from the record, participated in the original division of the property. The deed being to Chism, the land was presumptively community property of himself and that wife with whom he was living at the time of its purchase. The right of Mrs. Chism to the land was an undisclosed equitable title held in trust by her husband. The jury found that Holt purchased at the sale without any notice of the existence of this equitable interest in Mrs. Chism. The question then arises, what rights did Holt acquire? Did he purchase at his peril and get only such an interest as Chism and other parties to the suit actually owned, or did he get the apparent title held by Chism? It is true that the doctrine of caveat emptor applies to this class of judicial sales as well as to those made under execution, and the purchaser must exercise a certain degree of diligence for his own protection; but he has the right to rely, in some instances at least upon the record title. At such a sale he takes such title as he would acquire through a conveyance made by the defendant in execution, or the parties who claim the prop-

erty and participate in the proceeds of the sale. It has been held that one who purchases at an execution sale can claim the protection of an innocent purchaser for value, and that such an one has a right superior to those claiming the property through an undisclosed trust. Hawley v. Greer, 17 S. W., 914; Grace v. Wade, 45 Texas, 522, and numerous cases following this cited in 2 Rose Notes, 731. We see no good reason why that rule should not be extended to judicial sales such as that here under consideration, as well as to execution sales. Mr. Freeman in his work on Executions says that it has been done. 3 Freeman on Executions, sec. 336, pp. 1942-3. If that be the proper view, then it follows logically that at the time of his purchase Holt had a right to rely upon the assumption that E. W. Chism had at least a community interest in the property sold, and purchased upon that assumption. In other words, he is in the same situation he would occupy had all of Chism's heirs, except those who are parties to this suit, joined in a conveyance to him of the land in controversy. Their deed would have defeated the undisclosed equitable title of the heirs of Mrs. Chism. It is evident that in such a distribution made upon that assumption Emma Love would not be entitled to as great a share as that awarded her by the court in the judgment here appealed from. The record, however, is in such condition that we are unable to tell what her interest would amount to, and for that reason cannot render the proper judgment in the case.

The judgment as to Ella Taylor and her husband will be affirmed, but that as to Emma Love and husband will be reversed and the cause remanded.

### ON MOTION FOR REHEARING.

In disposing of the motions filed by the appellant and the appellees asking for a rehearing in this case, we deem it unnecessary to add anything to what has been said in the original opinion, further than to pass upon appellant's fourth, ninth, tenth and seventeenth assignments of error. Those assignments were based upon objections made to testimony tending to prove that the property in controversy belonged to the separate estate of Mrs. Chism, the mother of Emma Love and Ella Taylor. The objections appear to have been predicated upon the assumption that Holt purchased without notice of the separate estate of Mrs. Chism in the property. We think the court correctly admitted the evidence and overruled the objections. In establishing the case pleaded, the appellees, Emma Love and Ella Taylor, had the right to show that the property which they claimed by inheritance was the separate estate of their mother. The absence of any notice of that fact by Holt was purely a matter of defense, and did not affect the admissibility of the evidence.

The motions for rehearing are overruled.

*Affirmed in part, and in part reversed and remanded.*

Application for writ of error by Ella Taylor and husband was refused; that by Emma Love and husband was dismissed.