

# THE ATTORNEY GENERAL
## OF TEXAS

September 7, 1989

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable John Owens
Henderson County Attorney
Courthouse
Athens, Texas 75751

Opinion No. JM-1094

Re: Whether a county may re-cover expenses incurred under the Indigent Health Care Act (RQ-1522)

Dear Mr. Owens:

You ask about the authority of a county to seek reim-bursement for money it has spent pursuant to the provisions of the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S. You explain that Henderson County has spent a large sum of money for medical treatment for a particular individual. The individual has now filed a personal injury action against a private individual, and you ask whether the county may seek reimbursement if the individual receives a settlement or judgment that covers his medical expenses.

The Indigent Health Care and Treatment Act requires a county to pay for medical care for indigent residents of the county who are not residents of a hospital district or the area a public hospital has an obligation to serve. _Id._ tit. 2. The act requires that the Department of Human Services "establish eligibility standards and application, documentation, and verification procedures for counties to use in determining eligibility." _Id._ § 1.06(a).

Nothing in the Indigent Health Care and Treatment Act or the current regulations purports to place a lien on or to provide for the assignment of any potential right of recovery in a personal injury action. _Cf._ Hum. Res. Code § 32.033 (filing of an application for receipt of medical assistance constitutes an assignment of the applicant's right of recovery from another person for personal injury caused by the other person's negligence or wrong).[1]

---

1. For examples from other jurisdictions of statutory liens on or assignments of later-acquired property of
(Footnote Continued)

Indeed, nothing in  the Indigent Health  Care and  Treatment Act or  current regulations  would  require an  indigent  to report any  unsettled  tort  claim  on  an  application  for assistance under the Indigent Health Care and Treatment Act. See generally  40 T.A.C.  §§ 14.104 and  14.105 (income  and resources standards under Indigent Health Care and Treatment Act).[2]

Although the act does not expressly provide for a  lien or an assignment in the context  you ask about, it is  clear that the legislature did not intend for counties to pay  for medical care  when another  source of  payment exists.   For example,  section  1.06(c)(5)  requires that  an  applicant provide  information  about  "the  existence  of  insurance coverage or other hospital or health care benefits for which the  applicant  is  eligible."   Also,  section  2.02(b)  of article 4438f provides:

> The county  is the  payor of  last  resort
> and shall provide  assistance only  if  other
> adequate public or private sources of payment
> are not available.

---

(Footnote Continued)
welfare recipients, see  Conn. Gen.  Stat. Ann.   §§ 17-83e, 17-83f (West  1988)  (lien  on later  acquired  property  or estate for  AFDC or  delinquent  child support);  Ill.  Ann. Stat. ch.  23,  para.  11-22 (Smith-Hurd  1988)  (charge  on personal injury  claims  for repayment of  public  medical assistance); Minn. Stat.  Ann. § 393.10 (West  1968 &  Supp. 1989)  (county  lien  on  any  cause  of  action  of person furnished medical  assistance);  N.J. Stat.  Ann.  § 44:10-2 (West Supp.  1988)  (provision  that  application  for  AFDC operates as  assignment of  other rights  to support);  N.Y. Soc. Serv. Law § 104-b (McKinney  1983) (lien  on suit  for personal injury  as  repayment of  public  assistance);  id. § 366 (McKinney 1983  & Supp. 1988)  (repayment of costs  of medical care and  services); Pa.  Stat. Ann.  tit. 62  § 403 (Purdon Supp. 1988) (assignment of property rights to  state as prerequisite for public assistance).

2.   The regulations of the  Department of Human  Services list "lump-sum payments" as a  type of resource.  40  T.A.C. § 14.105(c)(11).  We think it is clear from the examples  of "lump-sum payments," however, that a "lump-sum payment" is a payment the receipt of which is certain.        .

Section 2.03(a)(3) provides that a county has an obligation to provide indigent health care only if "no other adequate source of payment exists." Also, a rule adopted by the Department of Human Services provides that mandatory services under the Indigent Health Care and Treatment Act do not include services and supplies that:

> are payable by or available under any health, accident, or other insurance coverage; by any private or other governmental benefit systems; by any legally liable third party; or under other contract. (Emphasis added.)

40 T.A.C. § 14.202(b)(7). All those provisions, however, apply to sources of payment that "exist" or "are available" or for which a third party is "legally liable." A potential award in a personal injury suit does not yet exist and it is therefore not available. Further, no legal liability has been determined. Therefore, even though we think it is clear that the legislature would not have intended for an indigent to be able to retain a windfall in the circumstances you ask about, we do not think the provisions cited above cover a potential, rather than actual, right to reimbursement. The question, then, is whether a lien on or an assignment of a future personal injury recovery can be implied from the provisions of the Indigent Health Care and Treatment Act.

It is the rule in Texas that a lien on personal property or real estate arises only by virtue of contract or statutory provision. Horton v. Gibson, 274 S.W. 292, 293 (Tex. Civ. App. - Waco 1925, no writ); see also Johnson v. Second Injury Fund, 688 S.W.2d 107, 108 (Tex. 1985) (right of subrogation does not exist except where clearly mandated by the legislature). Also, in 1961 this office considered whether a county could acquire a lien on the real estate of paupers for whom the county provided support. Attorney General Opinion WW-1150 (1961). This office concluded that a county could not acquire such a lien. The basis for that conclusion was that a county has only those powers expressly or impliedly conferred on them by the constitution or statutes. See generally Annot., Personal Injury Recovery as Affecting Eligibility for, or Duty to Reimburse, Public Welfare Assistance, 80 A.L.R.3d 772 (1977). In light of those authorities, we must conclude that under the current statute and regulations, which make no provision for a lien on or an assignment of a future personal injury recovery, a county does not have a right to reimbursement in the context you ask about.

Although current Department of Human Services regulations under the Indigent Health Care and Treatment Act do not require an assignment in the context you ask about, we do think that the Department of Human Services has authority to promulgate a rule requiring that an applicant for county assistance under the Indigent Health Care and Treatment Act assign any personal injury recovery or right to recovery for medical expenses to the county, to the extent of the public funds expended.

The department is required to set eligibility standards and application procedures "in accordance with" department rules relating to the AFDC-Medicaid program. V.T.C.S. art. 4438f, § 1.06(a). Section 32.033 of the Human Resources Code, which governs the Medicaid program, provides in part:

> (a) The filing of an application for or receipt of medical assistance constitutes an assignment of the applicant's or recipient's right of recovery from:
>
> (1) personal insurance;
>
> (2) other sources; or
>
> (3) another person for personal injury caused by the other person's negligence or wrong.

See also 40 T.A.C. § 45.501 (rule restating provision set out above). Because the department is authorized to adopt regulations governing eligibility for and application for indigent health care that are "in accordance" with the department's standards and procedures for determining eligibility in the AFDC-Medicaid program, we think it is within the department's authority to adopt a rule under the Indigent Health Care and Treatment Act that tracks the Medicaid rule set out in section 32.033 of the Human Resources Code.

It has been suggested that individual counties have independent authority to adopt such a rule under section 1.06(h) of the Indigent Health Care and Treatment Act, which provides:

> A county may use the standards and procedures established by the department or it may use less restrictive standards and procedures.

See also V.T.C.S. art. 4438f, § 2.04(b).  Although that provision allows a county to adopt its own standards and procedures, it allows a county to do so only if the county's own standards and procedures are less restrictive than those of the Department of Human Services.  In the absence of a department regulation requiring assignment of potential personal injury recoveries, a county would have no authority to adopt such a requirement since such a requirement would be more restrictive than the department's requirements.

## S U M M A R Y

A county has no authority, under current law, to seek reimbursement from an indigent whose medical expenses are paid by the county in accordance with the Indigent Health Care and Treatment Act and who subsequently recovers damages in a personal injury suit. However, the Department of Human Services does have authority under the Indigent Health Care and Treatment Act to promulgate a rule requiring that applicants for county assistance under the Indigent Health Care and Treatment Act assign their rights to reimbursement from another person for personal injury caused by the other person's negligence or wrong.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General