Baily v. Trammell.

BAILY AND WALLACE V. AMANDA J. TRAMMELL.

In a suit for the recovery of two slaves or their value, the defendants pleaded that they were *bona fide* purchasers of the slaves, at an execution sale; that the plaintiffs had no interest nor title in the slaves; that the plaintiffs and the defendant in execution had entered into a combination and conspiracy to prosecute the suit in the name of the plaintiffs, and if successful, it was to enure to the benefit of the defendant in execution, and therefore prayed that he be made party plaintiff.   It was *held* that there was no necessity for the defendants to make the defendant in execution a party to the suit to entitle them to their defence; and that, upon allegation and proof of such combination and conspiracy, they could avail themselves of any defence against the defendant in execution, as fully as if he had joined in the suit.

In such a case, upon allegation and proof of such combination and conspiracy, the acts and declarations of such third party, or secondary evidence that would be admissible if he had been a party, would be equally as effectual against the plaintiffs as if he were joined with them; but the mere charge of combination and conspiracy between the plaintiffs and a third party will not entitle the defendants to the use of secondary evidence, where such third party has the control of the primary evidence upon which they rest their defence.

Nor can the defendants, by simply making such a charge in general terms, with a prayer that such third party be made a plaintiff in the case, deprive the plaintiffs of the right to claim that secondary evidence should not be received to defeat their action until it was made to appear that the primary evidence could not be procured.

There is no known rule of practice by which a defendant is authorized to make a party plaintiff in a cause.

If the proper plaintiffs are not joined in the action, the defendant may take advantage of the non-joinder by plea, and have the proper parties made by the plaintiff, or cause the suit to be dismissed; or, in some cases, he may take advantage of the defect of parties upon the trial.

If it be necessary for the protection of the rights of a defendant that other persons, who have a joint interest with the plaintiff, should be brought before the court, he may unquestionably cause this to be done; but in such a case it should be done by a proceeding in the nature of a cross-action against the plaintiff and such third party.

In the above stated case the defendants proposed to prove by parol evidence the contents of an alleged assignment or bill of sale of the slaves in controversy from the plaintiffs to the defendant in execution, but there was no proof before the court of the execution of such instrument; nor does the exception to the ruling of the court show that they proposed to furnish such proof before proving the contents of the instrument: It was *held* that such parol evidence was properly rejected, and if the defendants embraced this object also in the proposed testimony which was rejected by the court, it should have been shown by their bill of exceptions.

He who complains of an erroneous ruling of the court must preserve such evidence of it in the record as will leave no doubt about the matter in the appellate court.

See this case for circumstances in which a person having become a party to the proceedings in a suit, was held not to be concluded by the judgment in such suit.

Whether a claim is barred by the statute of limitation is a question for the jury to determine. If the evidence in support of such a plea be conflicting, this court will not disturb a judgment rendered upon the verdict.

The possession of a co-tenant, or a tenant in common, will be presumed to be in right of the common title, and he cannot claim the protection of the statute of limitations against his co-tenant unless it clearly appears that he has repudiated the title of his co-tenant, and is holding adversely to it. In such cases the acts and declarations of the party in possession are to be construed much more strongly against him than when there is no privity of title.

If newly discovered testimony, offered in support of an application for a new trial, would not have been admissible if offered upon the trial, it is not error to refuse the application.

ERROR and APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

Amanda J. Trammell, the appellee, and Jarret Trammell, her husband, on the 8th day of April, 1858, instituted proceedings in

the District Court of Gonzales county, against J. W. E. Wallace, for the recovery of a slave named Stephen, or his reasonable value, which they alleged was fifteen hundred dollars. They alleged that Amanda J., in the year A. D. 18—, intermarried with one Nicholas Trammell, who died in 1853, leaving the said Amanda J. his widow and only surviving heir; that Nicholas died seized and possessed of the slave Stephen; that the slave for several years before the institution of this suit had been in the possession of Henry Trammell; that he had been recently trans- ferred to the possession of the defendant, Wallace, who then had him in possession.

The defendant, Wallace, filed a general demurrer and denial. In an amended answer he pleaded specialty: "That the plaintiffs ought not to have or maintain this action against them because, he says, that on the 1st day of January, 1855, Nicholas Trammell, for himself and Jarret Trammell, one of the plaintiffs in this suit, by the said Nicholas Trammell, as his next friend, joined by other parties representing themselves as heirs-at-law of Nicholas Trammell, deceased, instituted a suit in the District Court of Gonzales county against Henry Trammell, to recover from him the possession of certain negro slaves, including the slave Stephen, sued for in this action, or the value of said slaves and hire of same, alleging in said suit that the negroes were part of the estate of said Nicholas Trammell, deceased; and that they, as the heirs- at-law of said Nicholas Trammell, were the lawful owners of the same. In 1855, the plaintiffs in this suit filed a plea in the cause aforesaid, alleging, in substance, the same facts set forth in this cause; and he charges that the plaintiffs were, to all intents and purposes, parties to the said suit against Henry Trammell; that they appeared and were represented by attorneys in said suit, and filed their pleas therein, relying for a recovery of the negroes and damages claimed in said suit upon the same state of case which is now presented by them as plaintiffs against this defendant. The plaintiffs in said cause, in 1855, recovered a verdict of the jury and judgment of the court for the negroes sued for, including the negro Stephen or their value in case the said Henry Trammell failed to deliver possession of the said negroes, within twenty days

from the rendition of said judgment, and for the hire of the same. Executions were regularly issued on said judgment, and levied on the negro Stephen and other negroes to satisfy the same. On the 1st day of February, 1858, the said Henry Trammell executed his delivery bond for the delivery of said negroes to the sheriff of Gonzales county. The said bond was forfeited, and was so indorsed by said sheriff. Execution was issued thereon, and was levied upon said slave Stephen and other negroes. In pursuance of said judgment, forfeited bond and execution, the said slave Stephen and other negroes, so levied upon, were sold at the court-house door of Gonzales county, as the law directs, on the first Tuesday in April, 1858, and this defendant became the purchaser of the said negro Stephen, at said sale, for the sum of $950, he being the highest and best bidder for the same. This defendant further alleges that he was an innocent *bona fide* purchaser of said negro, at said sale, and paid to the said sheriff said sum in cash for said negro, believing that he was purchasing a perfect title, and without any notice or knowledge of any outstanding title or claims in any one."

He further pleaded that the plaintiffs stood by with the full knowledge of the said judgment, execution and forfeited bond, at said sale, and did not assert any title or claim to said negroes, but acquiesced in said sale. He further alleged that the plaintiffs, before the rendition of said judgment, had sold and transferred to Henry Trammell all their rights, title and interest in the estate of Phillip Trammell, deceased, and of Nicholas Trammell, deceased, including their interest in the slave Stephen, and that said interest passed by said sheriff's sale to this defendant. He charged fraud and combination between plaintiffs and Henry Trammell to cheat and defraud this defendant; that said assignment was made secretly to more effectually accomplish their fraudulent purposes, and prayed that Henry Trammell be made party plaintiff in the suit. At the same time and in the same court the same plaintiffs instituted suit against James Bailey for the recovery of a slave named Addison, or his value. The plaintiffs set up the same title to this slave as they did to the other; Bailey pleaded the same character of defence, and the two cases were consolidated.

The defendants also pleaded the two years limitation.   The death of Jarret Trammell was suggested, and the cause was prosecuted in the name of Amanda J. Trammell.

On the trial the plaintiff proved that she intermarried with Nicholas Trammell, jr., in 1853, in the State of Arkansas; that they removed the same year to Lagrange, Texas, where Nicholas Trammell, Jr., died; that the slaves in controversy were the property of Nicholas Trammell, jr., and part of the estate inherited by him from his father, Phillip Trammell.   Nicholas Trammell, jr., at his death, left neither father, mother, brothers, sisters nor children.   Some twelve months after the death of Nicholas Trammell, jr., his widow, Amanda J., intermarried with Jarret Trammell, who died in 1859.   It is admitted that the names of Jarret Trammell and Amanda J. appeared in the body of, and were signed to, the following papers filed in the old suit of Nicholas Trammell, Sen., and others v. Henry Trammell, viz, in the objection to plaintiffs' depositions, in an amended answer filed the 2d of May, 1835, in the statement of facts, in the bill of exceptions filed by defendants, and in the assignment of errors.   The defendants read the answer of Jarret and Amanda J. Trammell, in said suit, from which it appears that they prayed to be made parties defendant to the same, and that Jarret be struck from the list of plaintiffs and be made defendant.   They also read the judgment rendered in said cause against Henry Trammell and the sureties on his replevin bond for the value of the negroes sued for, including the slaves sued for in this suit, and for their hire during the time he had them in possession.   They also read the execution issued on said judgment and the returns thereon, from which it appears that the slaves in controversy and others, were levied on and sold to satisfy said judgment.   The name of Amanda J. Trammell does not appear either in this judgment or in the execution issued thereon.

The defendants offered to prove by parol evidence the contents of the bill of sale or assignment of the negroes sued for, from the plaintiff and her deceased husband and Jarret Trammell to Henry, which they allege was executed before the said execution sale.   On objection, this evidence was excluded by the court, and the plain-

21*

tiffs excepted.  The other facts appear in the opinion of the court.
A verdict was found for the plaintiffs and judgment was rendered
accordingly.  Motions for new trial were overruled; Bailey ap-
pealed and Wallace prosecuted his writ of error.

*Mills & Bachelor* for appellant and plaintiff in error.—1st.  It
will be remembered we charged in defence that Henry Trammell,
before the judgment against him in favor of Trammell et als., May
2d, 1855, had purchased the two slaves in this suit from Mrs. A. J.
Trammell, the appellee, and her husband Jarret Trammell, and
that they were conveyed to him, and that the conveyance was in
H. Trammell's possession, who was made a party to this suit, his
position being hostile to us.  On the 13th of October, 1858, he
was thus made a party, and on the same day he, and also his at-
torney, had notice by our answer to produce it in court, otherwise
proof would be offered of its contents; added to this, a subpena
*duces tecum* was served on him Oct. 8, 1858, to bring the paper
in court.  The appellant then had a right to prove its contents by
parol, which was refused.  This we consider error.  (Hamilton
v. Price, 15 Tex., 382; Newsom v. Davis, 20 Tex., 425.)  No
objection was taken that the notice was too short, which doubt-
less would have been interposed had they intended to produce the
instrument.  The case was tried at Spring Term, 1860.  Nor
was the existence of the conveyance denied by the appellee's re-
plication; on the contrary, she moved to strike out all that part
of the appellant's answer setting up the conveyance by them to
H. Trammell prior to the sale of the slaves under execution against
him.

2d.  The verdict was contrary to law and the evidence.  Under
this assignment we will examine whether the appellee was a party
to the old suit.  Second, if not so technically, whether she is not
estopped *in pais* from recovering in this suit; and third, the bar
of limitation.

We find in the defendant's answer in the old suit the present
appellee and her husband Jarret Trammell, by their counsel, ask
the court to make them defendants along with Henry Trammell;
and further, that Jarret's name be stricken from the list of plain-

tiffs and made defendant. They make common cause with the co-defendant H. Trammell, in resisting the claim of the plaintiffs in that suit, which answer is signed by her counsel.

It will further appear that her name as a party to that suit is found in, and signed to, almost every paper in defence, filed in the cause after her prayer to be made a party. Her interest was to be affected by that suit. She appeared voluntarily and asserted her own rights, which she had a right to do, *ex mero motu.* (Garret v. Gains, 6 Tex. R., 435.) She set up her own interest and claimed a decree; she was in as a party. (Legg v. McNeill, 2 Tex. R., 428.) It cannot be said she was less a party because the decree did not dispose of the issues she presented in her defence, otherwise nothing would be taken as waived which is attempted on a trial. It cannot be doubted but what the court below, in the old suit, regarded her as a party in her objections to the plaintiff's depositions and her signatures to other papers in the progress of the suit. The court would not have tolerated such irregularities from an interloper. But again, her answer in the old suit was read; this gave her sufficient prominence as a party litigant; her counsel appeared in her name and took issue with the plaintiffs therein; the court below clearly *recognized* her as a party, together with her counsel. An express order on the docket that one be made a party, ascertains among other things, who may be heard in the contest—who has the right to plead and implead. Now, a recognition of this right and of the litigant by the court in a given case, answers the same ends and purposes for the present view, as an express entry of record. She was before the court and was bound by the proceedings, which were the basis of the execution sale, under which appellants claim in this suit.

She was estopped *in pais* from a recovery herein. It is a familiar rule of law, that if one having title stands by while another buys from a third person claiming title or authority to sell, and does not forbid the purchase, or disclose his own title, he will be bound. (Luter v. Rose, 20 Tex. R., 648.) The presence of her agent at the sale, without forbidding or asserting the claim of the appellee, induced persons to bid for the property. The cases are numerous. (2 Sug. on Vend., 1022; 1 Hilliard Real

Prop., 452 and note a; 2 Id., 404.) The law creates an estoppel *in pais* by the acts of the party, without being bound by a deed, judgment or release. (Guess v. Lubbock, 5 Tex. R., 546. See Swenson v. Walker, 3 Tex. R., 98; Love v. Barber, 17 Tex. R., 318.)

The rule is applied to prevent fraud, in all its vigor, to sales *in invitum* under color of process. (2 Smith's Lead. Cases, p. 562.)

Nor does the coverture of the appellee prevent its operation; the law protects a married waman, but it gives her no license to commit a fraud against the rights of an innocent party. The case of Cravens v. Booth, 8 Tex. R., 248, shows an uncompromising hostility to a claim very much of this nature, which, we think, clearly within the principle of that decision.

The subsequent marriage of the appellee to Jarret Trammell did not arrest the statute on the principle that disabilities can not be tacked, or that a supervening disability will not check limitation. (Tyson v. Britton, 6 Tex. Rep., 222; Cole v. Runnels, 6 Tex. R., 272.)

If the plaintiff here would avoid the operation of the statute, she must show that it was a continuing disability coeval in time with her cause of action, which accrued on the death of Nicholas Trammell. (Angell on Lim., § 196.)

But to remove all doubt as to whether limitation began at the death of Nicholas, jr., we say that the plaintiff married her second husband, May 14, 1854, in Gonzales county, which makes her adult under art. 1399, O. & W. Dig., and sets in motion limitation. (White v. Latimer, 12 Tex. R., 61.)

H. Trammell's title to the slaves then was complete by limitation at the execution sale, which passed to the appellants, and the verdict finding otherwise was plainly against the evidence and charge.

3rd assignment as to the new trial: The District Court ought to grant new trials for purposes of substantial justice, even where this court would not interfere and reverse the judgment below, refusing the motion on the same state of facts; the rule

Baily v. Trammell.

of one court is not that of the other on this subject. (Chandler v. Meckling, 22 Tex. R., 37.)

This court will interfere when the facts proved are clearly insufficient to support the verdict. (22 Tex. R., 37.)

The showing on the ground of newly discovered evidence brings the case within the most rigid rules on that subject. Every predicament of fact is shown. (Watts v. Johnson, 4 Tex. R., 311; Madden v. Shapard, 3 Tex., 49.) Ours is a much stronger case than Gay v. McGuffin, 9 Tex. R., 501, where the motion was sustained.

In support of the motion we cite Graham & Wat. on New Trials, p. 468 and 469.

*Stewart* for appellee.

Moore, J.—In view of the facts disclosed by the record in this case, it cannot be said that the court erred in excluding the parol testimony of the contents of the assignment, alleged to have been made by Jarret and Amanda J. Trammell to Henry Trammell. There was no necessity for the defendants making Henry Trammell a party to the suit. Their defence could have been urged as effectually without, as by joining him. There was no better reason presented for making him a party in this case, than exists in every other in which the defendant charges that the title asserted by the plaintiff is in a third party. If there was a combination and conspiracy between the plaintiffs and Henry Trammell to prosecute this suit in their names, although if a recovery was had, it was to enure to his benefit, the defendants, by the allegation and proof of the fact, could have availed themselves of any defence to which they were entitled against him, as fully as if he had joined in the suit. In such case, his acts and declarations, or secondary evidence that would be admissible, if he had been a party, would be equally as effectual against the plaintiff, as if he were joined with them. But a defendant does not entitle himself to the use of secondary evidence merely by the charge of a combination and conspiracy between the plaintiff and a third party, who has, as he al-

leges, control of the primary evidence upon which he rests his defence. He cannot, by simply making such a charge in general terms, with the prayer that such party be made a plaintiff in the case, deprive the plaintiff of the right to claim that secondary evidence should not be received to defeat his action, until it was made to appear that the primary evidence could not be procured.

Nor do we know of any rule of practice by which a defendant is authorized to make a party plaintiff in a cause. If the proper plaintiffs are not joined in the action, the defendant may take advantage of this by plea, and have the proper parties made by the plaintiff, or cause the suit to be dismissed; or, in some cases, he may take advantage of a defect of parties upon the trial. But the defendant has no right to thrust into the cause a third person, as a party plaintiff, against the wishes, and without the assent of the original plaintiff. The action of the court ordering Henry Trammell to be made a party plaintiff, was for this reason erroneous, but it was an error of which the plaintiffs in error cannot complain. If it is necessary for the protection of the rights of a defendant that other persons, who have a joint interest with the plaintiff, should be brought before the court, he may, unquestionably, cause this to be done, but in such case it should be by a proceeding in the nature of a cross action or bill against the plaintiff and such third parties. Although such proceeding will be treated as a part of the original suit, yet, in this branch of the litigation, the original defendant has become the actor, and has the rights, together with the responsibilities of a plaintiff, and the other parties occupy the position, and have the privileges of defendants.

There was, however, a still more conclusive reason for refusing the parol testimony offered by the plaintiffs in error. The bill of exception shows that they proposed to prove by parol the contents of the alleged assignment, or bill of sale. There was no proof before the court of the execution of such an instrument, nor does their exception to the ruling of the court show that they proposed to furnish it before proving the contents of the instrument. If they embraced this object also in the proposed testimony which was rejected by the court, it should have been shown by their bill of exception. He who complains of an erroneous ruling of the

court, must preserve such evidence of it in the record as will leave no doubt about the matter in the appellate tribunal.

We are of the opinion that the plaintiff below, Amanda J. Trammell, was not concluded by the judgment in the suit by the heirs of her first husband, Nicholas Trammell, Jr., against Henry Trammell. It is true, during the pendency of that case, she and her second husband asked to be made defendants, and subsequently a number of papers were filed, with their names attached as parties. But there was no action of the court upon their application to be made parties defendant. Her husband was one of the original plaintiffs, and although when joining her in the application to be made a defendant, he also asked to be stricken from among the plaintiffs, yet no notice was taken by the other plaintiffs of this request, and it was never granted by the court. The interest of Amanda J. Trammell in the suit, if ever recognized as a party, seems to have been wholly lost sight of both by the litigants and court before the final judgment. No notice seems to have been taken of her claim to the property. Her husband, Jarret Trammell, appears to have been still recognized as a plaintiff, and, as such, was a party to the judgment recovered by them. Under these circumstances, we cannot regard her as concluded by the judgment in that case. The record in it, no doubt, shows great irregularity, but we cannot say, because of the irregularity, that her rights have been lost by a judgment in which they, seemingly, were never considered. It was for those who claim the benefit of the judgment, to see that the record is sufficiently full and explicit to sustain their construction of it.

Neither coverture nor infancy gives a license to a married woman, or an infant, to commit fraud, and for this reason, in some cases, a title to their property will pass, as it is said, by an estoppel in pais. But this doctrine is not applicable to the present case. It is not shown that Askey was Mrs. Trammell's agent at the date of the sheriff's sale, under which the appellants claim, or that he was agent for her at any time except with reference to this suit. Nor does it even appear that he was present at the sheriff's sale. That he was in town on the day of sale is wholly immaterial.

In answer to the defence of the statute of limitation, it is sufficient to say that the evidence was conflicting. It was a question for the jury to determine. The answer of Henry Trammell, in the suit of the heirs of Nicholas Trammell, Jr., against him, filed after Mrs. Trammell's marriage with her second husband, recognized her title. Unless the statute commenced to run previous to her marriage, it did not bar her recovery. Henry Trammell seems, also, to have had interest in the property. The possession of a co-tenant or tenant in common will be presumed to be in right of the common title. He cannot claim the protection of the statute, unless it clearly appear that he repudiated the title of his co-tenant, and is holding adversely to it. In such cases, the acts and declarations of the party in possession are to be construed much more strongly against him, than when there is no privity of title.

The application for a new trial was properly refused. The newly discovered testimony would not have been admissible, if offered upon the trial. If it had been before the court, it could, in no way, have affected the result of the case. The statute regulates the manner of conveying the separate property of married women. If their mere verbal admissions that they had sold and conveyed their property, will be sufficient to preclude their recovery, the statute would be futile and altogether nugatory. These alleged declarations and admissions have not been the foundation of any action of the appellants, or any other person. There has been no act based upon their supposed truth. Their exclusion from the jury places the parties in no worse attitude than they were before they were made. If they were admissible as evidence in this case, it would be upon the broad ground that the parol admissions of a married woman, of a sale of her separate property, may, in any case, be used to defeat suit by her to recover the property. That she cannot, in this way, divest herself of title, or be precluded from a recovery is too clear for argument. The judgment is affirmed.

Judgment affirmed.