## GREGORY v. SOUTH TEXAS LUMBER CO. et al. (No. 6266.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 5, 1919. Rehearing Denied Dec. 3, 1919.)

1. EVIDENCE ☞448 — PAROL EVIDENCE TO SHOW DUE DATE IN NOTE.

Where the language of a note is plain, parol evidence is not admissible to change the due date specified therein.

2. JUDGMENT ☞145(4)—DENIAL OF NEW TRIAL AFTER JUDGMENT BY DEFAULT.

Where judgment was entered against a defendant failing to appear at trial, his motion for new trial will be denied, where the meritorious defense urged would require the use of incompetent parol evidence.

3. MORTGAGES ☞497(1) — CONSTRUCTION OF JUDGMENT AS AWARDING FORECLOSURE TO JOINT PLAINTIFFS.

In a suit on a note secured by deed of trust where the prayer is for judgment for plaintiff for its debt and for judgment of foreclosure for plaintiff and the trustee, and plaintiff is awarded a recovery of the debt and foreclosure of the lien is provided for in general terms without stating that such foreclosure is awarded plaintiff and the trustee, foreclosure will be presumed to have been awarded both plaintiffs.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. APPEAL AND ERROR ⬦79(1)—JUDGMENT AWARDING FORECLOSURE TO ONE OF TWO JOINT PLAINTIFFS ONLY APPEALABLE.**

In a suit by the holder of a secured note and the trustee under the deed of trust, a judgment awarding foreclosure to the creditor only is a final judgment; the trustee being only a nominal party.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by the South Texas Lumber Company, a corporation, and another, against G. W. Gregory. From a judgment for plaintiffs and a denial of a new trial, defendant appeals. Affirmed.

J. C. Scott, of Corpus Christi, for appellant.

MOURSUND, J. South Texas Lumber Company, as beneficiary, and F. B. Bynum, as trustee, sued G. W. Gregory on a promissory note executed by him to said lumber company, and to foreclose the lien on certain real estate evidenced by a deed of trust given by Gregory to secure the payment of said note. It was alleged that Bynum was appointed substitute trustee in accordance with the terms of the deed of trust.

On January 8, 1918, Gregory by his then attorney, E. P. Scott, filed his original answer consisting of a general demurrer and general denial.

On January 9, 1919, the first day of the term, the case was set for trial on January 14th. It was called for trial on January 14th, and a judgment rendered in favor of the lumber company for $1,537.04, principal, interest, and attorney's fee, and for foreclosure of the deed of trust lien.

On March 15, 1919, the court overruled Gregory's amended motion for a new trial.

The assignments of error presented relate chiefly to the ruling of the court in refusing to grant a new trial.

In the motion appellant urged various excuses for his failure to be present at the time of the trial, and alleged that he had good and valid defenses to the plaintiffs' suit. The only allegations in which he undertook to state any defense are as follows:

"And one of such defenses is, in effect, that at and before the time of making the note herein sued upon and the execution by this defendant of the trust deed on lots one (1) and two (2), in section two (2) of the Flour Bluff and Encinal Farm and Garden Tracts, in Nueces county, Texas, to secure the payment of said note, it was clearly, distinctly and specifically understood and agreed by and between the defendant and plaintiff acting by and through its agent and attorney, that the payment of the note sued on would not be enforced by plaintiff against defendant, until defendant had raised a cotton crop on his land in Nueces county, or from other sources had become able to pay off and discharge said note so sued upon; and such agreement and understanding was the inducement or consideration which caused this defendant to sign said note and execute the aforesaid deed of trust, and if it had not been for such understanding and agreement upon the part of plaintiff and this defendant, he, defendant, would not have made and executed said promissory note and trust deed. But this defendant has not been able, from the proceeds of a cotton crop, or other sources, to pay off and discharge said promissory note or any part of same, and in violation and disregard of said agreement, the plaintiff herein instituted and prosecuted this suit against defendant, notwithstanding his failure to realize from a cotton crop, or other sources, the means which would enable him to pay off and discharge said obligation."

[1] The allegations disclose that as a defense appellant desired to prove a parol agreement which would vary the terms of the note, so that, instead of it becoming due on the date therein stipulated, it would become due when appellant had raised a cotton crop on his land in Nueces county or from other sources had become able to pay off and discharge said note. The language of the note is plain, and it is well settled that parol evidence is not admissible to change the due date specified therein. Rockmore v. Davenport, 14 Tex. 602, 65 Am. Dec. 132; Barnard v. Robertson, 29 S. W. 697; Bank v. Fuller, 191 S. W. 830; Leavell v. Seale, 45 S. W. 171; Riley v. Treanor, 25 S. W. 1054.

[2] As the alleged defense could only be presented by incompetent evidence, it would have been fruitless for the court to have set aside the judgment. Another trial would have resulted in the same judgment. Under such circumstances, it cannot be held that the court erred in refusing to grant a new trial. Baily v. Trammell, 27 Tex. 317–328; Holman v. Herscher, 16 S. W. 984.

[3, 4] It is contended that the judgment is not a final one. The prayer was for judgment for the company for its debt and for judgment for the company and the substitute trustee for foreclosure of the lien. The judgment awards the company a recovery of its debt, and provides in general terms for foreclosure of the lien, without stating that such foreclosure is awarded to the company and the trustee. The implication is that the foreclosure is awarded both plaintiffs. We are also of the opinion that, if the judgment had stated that the foreclosure was adjudged only to the company, it would have been a final judgment, as the substitute trustee was only a nominal party, who on the face of the pleadings was shown to have no interest in the controversy. The contention is overruled.

Judgment affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes