## BOWIE SEWERAGE CO. v. WATSON.
### (No. 2474.)

(Court of Civil Appeals of Texas. Amarillo. May 6, 1925. Rehearing Denied June 17, 1925.)

**1. Torts ⇐22—Tort-feasors jointly and severally liable.**

Each joint tort-feasor is liable for whole amount of damages resulting from their tort, and injured party may sue them jointly or severally, for the entire amount of damages.

**2. Appeal and error ⇐654—Courts ⇐116(3) —Judgment ⇐273(4)—Appellee held entitled to have final judgment of trial court rendered at former term entered nunc pro tunc, and to perfect records so as to show such final judgment.**

Records showing that trial judge entered order on docket, sustaining exception of impleaded parties and dismissing them from case, to which action appellant reserved bill of exceptions, it is clear right of appellee, if final judgment was rendered at former term, to have judgment entered nunc pro tunc, and to perfect record, so as to show final judgment, of which appellate court would take jurisdiction.

**3. Appeal and error ⇐773(2)—Appeal dismissed for failure to file brief.**

Appellant having filed no brief and not offering to file one, motion to dismiss its appeal will be granted.

**4. Appeal and error ⇐635(2)—Consideration of appeal postponed, until record amended to show that final judgment rendered.**

Where final judgment has been rendered in lower court, but has not been entered, submis-

---

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sion and consideration of appeal will be postponed, until record can be so amended as to show facts.

**5. Appeal and error ⊕⇒634—Appeal not dismissed on motion of appellant for defect in record for which he is in part responsible.**

Courts do not look with favor on attempt by appellant to dismiss appeal because of defect in record, for which he is in part responsible.

**6. Appeal and error ⊕⇒79(1)—Judgment in favor of one of original parties without expressly disposing of impleaded parties sufficient for purposes of appeal, where no judgment pleaded over against impleaded parties.**

Where neither original petition nor answer prayed for any judgment over against impleaded parties, and no evidence was tendered showing any liability on their part, they were neither necessary nor proper parties, and judgment in favor of one of original parties would have been sufficient, without express declaration disposing of impleaded parties.

Appeal from District Court, Montague County; Paul Donald, Judge.

Action by O. W. Watson against the Bowie Sewerage Company, wherein defendant impleaded the City of Bowie and others. Judgment in favor of plaintiff against defendant alone, and defendant appeals. Appeal dismissed.

W. L. Blanton and W. S. Moore, both of Gainesville, and Theodore Mack, of Fort Worth, for appellant.

Benson & Benson and Chancellor & Bryan, all of Bowie, for appellee.

HALL, C. J. Appellee Watson filed this suit against the Bowie Sewerage Company, appellant, to recover damages on account of the fact that the appellant maintained a nuisance on its premises adjacent to land owned by the appellee, and polluted a stream which ran through the premises of both parties.

[1] The appellant impleaded the city of Bowie, E. O. McNew, and W. D. Smith, alleging that the city of Bowie maintained a dump ground for refuse near appellee's premises, the drainage from which emptied into the creek, and that Smith, as the tenant of McNew, maintained hogpens and other objectionable nuisances upon lands adjacent to the creek, the refuse from which contributed to the pollution of the stream, and prayed that these three be made parties defendant to the action. It is not alleged that the impleaded parties, or either of them, were joint tort-feasors, nor does appellant pray for a judgment over against either. The plaintiff filed no amended pleadings asking any damages against the impleaded parties. Even if it had been alleged that the three parties were joint tort-feasors, each would be liable for the whole amount of the

damage, and the appellee might have sued them jointly or severally for the whole sum claimed to be due. The effect of the allegations in the answer is that the impleaded parties acted separately and independently, and not in concert. Each would be liable only for such damage as might be the result of his own act.

The court sustained exceptions to the pleading of defendant, attempting to join as defendants, the impleaded parties, and noted upon the docket of the court its action in dismissing them from the suit. No judgment was entered upon the minutes of the court at that time declaring the court's action. A trial resulted in favor of the appellee Watson against the appellant alone.

After appellant had perfected its appeal and filed the record in this court, the appellee moved to dismiss the appeal, because appellant had failed to brief the case in accordance with the rules and the stipulation of counsel. Upon the filing of this motion, appellant made no effort to brief the case, but filed a motion here to dismiss the appeal upon the ground that no final judgment disposing of the impleaded parties had been rendered in the trial court. This motion was not called to the attention of appellee's counsel until submission day, whereupon appellee moved the court to postpone submission, alleging that judgment had been rendered in the trial court dismissing the impleaded parties, and praying that he be granted sufficient time to have such judgment duly entered upon the minutes, and to perfect the record by certiorari showing that fact. This motion was granted.

[2, 3] The record shows that the trial judge entered an order upon his docket sustaining the exceptions of the impleaded parties, and dismissed them from the case, to which action the appellant has reserved a bill of exceptions, stating the facts. Under such circumstances, it is clearly the right of appellee, if a final judgment was rendered at a former term, to have such judgment entered nunc pro tunc, and to perfect the record, so as to show a final judgment of which this court would take jurisdiction. A final judgment has been entered in the court below, and the case is now before us with the record duly perfected, and comes up for disposition upon appellee's motion to dismiss because of appellant's failure to properly brief the case. Appellant has made no request that it be given time to brief the case, but is still insisting that the appeal should be dismissed, because the judgment in the court below is not final. It has filed no brief and does not offer to file one, and the motion to dismiss is granted.

[4] It was the duty of appellant to see that a final judgment had been entered which would support an appeal, before attempting to bring the controversy to this court. Hav-

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing failed to do this, the proper practice is, where a final judgment has been rendered in the lower court, but has not in fact been entered, submission and consideration of the appeal should be postponed until the record can be so amended as to show the facts. Railway Co. v. Campbell, 45 Tex. Civ. App. 231, 100 S. W. 170; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Chestnutt v. Pollard, 77 Tex. 86, 13 S. W. 852; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Wells v. Driskell, 105 Tex. 77, 145 S. W. 333; Tompkins v. Pendleton (Tex. Civ. App.) 160 S. W. 290.

[5, 6] The courts do not look with favor upon an attempt by an appellant to dismiss the appeal because of a defect in the record for which he is in part responsible. We strongly incline to the opinion that the judgment, as originally entered, was sufficient, even without an express declaration therein disposing of the impleaded parties, since a decree in favor of one of the original parties against the other disposed of all the issues made by their pleading. As stated, neither the original petition nor the answer prayed for any judgment over against either of the other parties, and this court might reasonably have considered the judgment as disposing of them by implication. No evidence was tendered by the appellant showing any liability of either of the three parties, which it sought to implead. They are neither necessary nor proper parties to the action. Williams v. Kuykendall (Tex. Civ. App.) 136 S. W. 1158; Carlton v. Krueger, 54 Tex. Civ. App. 48, 115 S. W. 619, 1178; Tison v. Gass, 46 Tex. Civ. App. 163, 102 S. W. 751; Nunez v. McElroy (Tex. Civ. App.) 184 S. W. 531; Yerby v. Heineken (Tex. Civ. App.) 209 S. W. 835; Gregory v. South Texas Lumber Co. (Tex. Civ. App.) 216 S. W. 420; Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556; Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639.

For the reasons stated, the appeal is dismissed.