## PARMA v. FIRST NAT. BANK OF CAMERON. (No. 7385.)

Court of Civil Appeals of Texas. Austin. Oct. 9, 1929.

Rehearing Denied Nov. 20, 1929.

W. A. Morrison, of Cameron, for appellant.

Henderson, Kidd & Henderson, of Cameron, for appellee.

BAUGH, J. The First National Bank of Cameron sued J. J. Parma to recover $3,218.-99, paid out by it for him on overdrafts given by Parma to various farmers in payment for cotton purchased by him between October 5 and October 12, 1927. Parma admitted liability. on the checks, but pleaded a counterclaim for $4,950.64, alleging failure of the bank to credit him with a check for that amount drawn by the Vest Cotton Company in his favor and delivered to it about September 17, 1927, or failure to notify him within 24 hours of its dishonor, as required by law, if in fact such check was dishonored.

In the alternative he pleaded a fraudulent conspiracy between said bank and the Vest

Cotton Company, whereby the bank converted 44 bales of cotton belonging to him, and of the value of $4,950.64. To the latter plea, various special exceptions were sustained, Parma declined to amend, withdrew the first count in his cross-action, and the court thereupon entered judgment upon an instructed verdict in favor of the bank for the amount of its claim, and that Parma take nothing by his cross-action; hence this appeal.

The only issues before us are, therefore, the sufficiency of appellant's pleadings in his cross-action as against the special exceptions sustained. Special exceptions B and F so sustained attack paragraphs 7 and 8 of appellant's cross-action on the ground that such pleadings showed that appellant's, demand was for unliquidated damages, founded upon a tort, and not a cause of action arising out of, incident to, or connected with, the bank's cause of action.

Appellant's pleadings are lengthy, and we shall not undertake to set them out in detail. Paragraphs 7, 8, and 9 set out appellant's alternative grounds of recovery on his cross-action. These paragraphs must, in view of their contents, be considered in connection with paragraphs 2 to 6 setting up appellant's first ground of recovery on his cross-action, and when so taken we think they sufficiently alleged a counterclaim or set-off authorized under articles 2015 and 2017, Rev. St. 1925.

In its original petition the bank alleged an agreement between it and Parma, made in August, 1927, covering the entire cotton buying season for that year; and that pursuant to that agreement it honored his overdrafts for cotton so bought by him. In his cross-action, appellant pleaded, amongst other things, that such agreement also included the Vest Cotton Company, setting out in detail a working arrangement between him, the bank, and the Vest Cotton Company, and the modus operandi of same; and alleged that the arrangements between him and the Vest Cotton Company were "acquiesced in, acted upon and agreed to" by the bank. The stricken pleadings did allege a tort committed by the bank conspiring with the Vest Cotton Company upon appellant. Nor does appellee's original petition show that such alleged tort was incident to or connected with the original contract between the bank and Parma; but appellant's pleadings do sufficiently allege a general working agreement between the three parties concerned covering the entire cotton season for 1927 to authorize a trial upon the cross-action which admittedly did arise out of the cotton dealings between said three parties during that season. The fact that the demand was based upon a tort or was for an unliquidated amount does not prevent it from being set up as a counterclaim against the bank's suit, if in fact such demand was incident to or connected with the original agreement upon which the bank declared. Article 2017, Rev. St. 1925; Alley v. Bessemer Gas Engine Co. (Tex. Civ. App.) 228 S. W. 963; Alford v. Thomas (Tex. Civ. App.) 238 S. W. 270, 272; Bank v. Herrell (Tex. Civ. App.) 190 S. W. 797.

Nor was it necessary to make Vest Cotton Company a party to the suit. Appellant alleged that said company was, and has continuously been, wholly insolvent; that such fact of insolvency was well known to appellee bank; that said company, a corporation, had no property and was no longer a going concern. Appellant also alleged that the bank and the Vest Company were joint tort-feasors in a conspiracy against him and in the conversion of his cotton. It is well settled that joint tort-feasors are jointly and severally liable for a tort, and may be sued jointly and severally. Anderson v. Smith (Tex. Civ. App.) 231 S. W. 142; Bowie Sewerage Co. v. Watson (Tex. Civ. App.) 274 S. W. 179; Patten v. Hill County (Tex. Civ. App.) 297 S. W. 918, 922.

It was also error to sustain special exception D to paragraph 8 of appellant's cross-action. We do not agree with appellee that said paragraph asserts a cause of action against the bank for failure to notify appellant that he was overdrawing his account. Said pleading rather complains that such failure by the bank, as well as its failure to give him credit for value of the cotton sold by him to Vest Cotton Company, were merely elements of a general conspiracy between the bank and said cotton company to defraud him, and to obtain his cotton without paying him for it. The bank would be in no position to set up, as against an active fraud which it was charged to have perpetrated on appellant, the failure of the appellant to keep himself posted as to the condition of his balance with said bank, even if appellant had been guilty of negligence in this respect.

Nor were appellant's pleadings defective in alleging that the cotton charged to have been converted was sold by him to the Vest Cotton Company on September 17th, before his overdrafts began, if, as he alleged, he was entitled to a credit at that time for the value of same and said bank had fraudulently failed to give him such credit in furtherance of a conspiracy with the Vest Cotton Company, and that failure caused the overdrafts.

Special exceptions G and H, which were also sustained, attacked appellant's alternative ground of recovery, which, as stated, was that the bank had, through conspiracy with the Vest Cotton Company, obtained possession of the 44 bales of cotton and disposed of it without either of them paying appellant therefor; that not having paid anything for it, title to the cotton remained in him, and the bank became guilty of conversion. The objection so sustained was that, having alleged and sought to recover in his first count upon a sale of said cotton to Vest Cotton Company, he could not in a sec-

ond count repudiate such sale and recover for a conversion of said cotton.

Clearly the trial court was in error in sustaining such exceptions. The count based upon a conversion was only in the alternative. And it is now well settled that either a plaintiff or a defendant may plead in the alternative inconsistent or conflicting grounds of recovery or of defense.

For the reasons stated, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.