**BAILEY v. TAYLOR et al.**

**No. 4149.**

Court of Civil Appeals of Texas. Amarillo. Feb. 12, 1934.

584

R. H. Templeton, of Wellington, for appellant.

L. E. Gribble, of Wellington, for appellees.

JACKSON, Justice.

The appellees, doing business under the firm name Taylor Creamery, sued the appellant in the district court of Collingsworth county and obtained judgment for $815.78, the balance due on a note dated August 26, 1931, given by him to Taylor Creamery, which also foreclosed their chattel mortgage lien on certain personal property executed to secure the payment of the note.

The appellant answered and "by way of failure of consideration for said note, set off and cross-action," pleaded in substance that on and prior to August 26, 1931, he was producing dairy products and selling them at wholesale to appellees, who pasteurized and bottled said products and retailed them to the Wellington trade. That appellees had a good business and the good will of their customers and on said date he purchased their equipment for pasteurizing and bottling dairy products and the good will of their business for $1,800, evidenced by the note and mortgage, and the additional consideration of their agreement not to there engage in such retail business so long as appellant was engaged therein or not for a period of five years at least; they fraudulently represented that they would sign a written contract so providing, if he would execute the note and mortgage. That relying on such promise and false representations, he executed the note and mortgage, purchased said equipment and the good will of the business of appellees. After the note and mortgage were executed, appellees did not sign the contract as promised, but in compliance with such agreement discontin-

ued their said business. Appellant took charge of such equipment and·good will and had a good and profitable business and out of the proceeds thereof he paid appellees on the note $1,364. That in December, 1932, appellees breached their contract to not again engage in such business, purchased new equipment, and began the purchase and sale of dairy products to the trade of Wellington, reduced the prices of such products, solicited and secured many of appellant's customers, and as a direct result of such breach, the value of the equipment he purchased from appellees was reduced to the amount of $750 and the profits from his business were diminished in the sum of $750, in which amount he was damaged.

He alleges that if he is not entitled to maintain his set-off and cross-action, then as an alternative plea he alleges there was a failure of consideration amounting to $800 on the note. He prays that if any judgment is rendered against him, that he have judgment for his damages as a set-off and for failure of consideration.

To appellant's answer and cross-action the appellees excepted (a) because his pleading was not verified; (b) admitted the equipment, the consideration for the note and mortgage, was delivered to him; (c) that his allegations in law do not amount to a plea of total or partial failure of consideration, but at most only declare on a breach of contract; and (d) was not sufficient to allege a set-off or counterclaim for the reason that the allegations show he had breached his contract prior to the time he claims a breach of their obligation by appellees.

The court sustained all of said exceptions to appellant's pleading and rendered judgment against him.

■ The court correctly sustained the appellees' exception urging the insufficiency of the plea of failure of consideration because not verified.

■ The exception attacking the pleading because it failed to sufficiently allege a set-off or cross-action is, in effect, but a general demurrer, and every reasonable intendment evidenced by the alleged facts must be indulged in favor of the pleader. The contract pleaded, by the terms of which appellant alleges that, as a part of the consideration for the purchase and sale of the equipment and good will, appellees agreed not to again engage in such business, was valid; Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; Fox-

worth-Galbraith Lumber Co. v. Turner et al., 121 Tex. 177, 46 S.W.(2d) 663, 87 A. L. R. 323, and would not be unenforceable because appellant had defaulted in some installment of the note on the date such installment was due. Latham v. Butler (Tex. Civ. App.) 17 S. W.(2d) 1083. Under the law appellant was entitled to plead as a set-off his damages, since under his allegations such damage arose out of and was incident to appellees' cause of action. Article 2017, R. C. S. 1925; Hansen et al. v. Yturria (Tex. Civ. App.) 48 S. W. 795; Young v. Archer Motor Co. (Tex. Civ. App.) 33 S.W.(2d) 752; Parma v. First National Bank (Tex. Civ. App.) 22 S.W.(2d) 957.

The judgment is reversed and the cause remanded.